KATHLEEN HICKEY, an Infant by Guardian, etc., Respondent, *v.* JOHN P. TAAFFE, Appellant.

A "business or vocation" to be within the purview of the act "to prevent and punish wrongs to children " (Chap. 122, Laws of 1876) must be an employment either vicious in itself, or one which partakes of the character of an amusement ; it has no application to productive industries, or a useful or necessary business or occupation.

Plaintiff, an infant under sixteen, was employed by defendant in his steam laundry ; a machine used in the business was dangerous. Plaintiff's hand was caught therein and crushed. The court charged, in substance, that, if in the opinion of the jury the employment of plaintiff involved such risk to her as to bring the avocation within the meaning of the term "dangerous to life or limb," she might recover. *Held* error; that

defendant's liability, if any, was under the common law, without regard to the statute.

*Cowley* v. *People* (83 N. Y. 464), distinguished.

*Hickey* v. *Taaffe* (32 Hun, 7), reversed.

(Argued March 9, 1885; decided June 2, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 11, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 32 Hun, 7.)

This action was brought to recover damages for personal injuries to plaintiff, an infant under sixteen years of age, alleged to have been caused through defendant's negligence in setting her to work with machinery dangerous to life and limb. Plaintiff was employed in defendant's steam laundry; her hand was caught and crushed between two heated steam rollers of a machine used for ironing collars and cuffs.

The further material facts are stated in the opinion.

*Gerard B. Van Wart* for appellant. The court erred in charging the jury that a violation of the statute by the defendant (Chap. 122, Laws of 1876) was *per se* such evidence of negligence on the part of the defendant as to entitle the plaintiff to recover. (*Knupple* v. *Knickerbocker Ice Co.*, 84 N. Y. 488.) The words "business or vocation," as used in the statute, must be held to apply to employments of a like nature. (*Chegary* v. *Mayor, etc.*, 13 N. Y. 230.) If the act of the defendant in employing the plaintiff, a child under sixteen years of age, was a violation of the statute referred to, and consequently negligence, then the act of the plaintiff in permitting such employment, in violation of the statute, was contributory negligence. (*Reynolds* v. *H. R. R. Co.*, 58 N. Y. 252; *Nagle* v. *A. R. R. Co.*, 88 Penn. St. 35.)

*Patrick Keady* for respondent. An employe having charge of a distinct department of the master's business with authority to employ subordinates, is the agent of the master, even though he may be under the direction of a superior.

The test is largely in the power to employ subordinates. (*Mc-Corker* v. *L. I. R. R. Co.*, 10 Weekly Dig. 388.) Defendant violated the statute of 1876. (Laws 1876, chap. 122, §§ 1, 4; *Cowley* v. *People*, 83 N. Y. 464; *Cordell* v. *N. Y. C. R. R. Co.*, 64 id. 535; *Miller* v. *Coykendall*, 20 Weekly Dig. 299; *Grizzle* v. *Frost*, 3 Finlayson, 622.) The statute of 1876 is applicable to this case. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 464; *Knupple* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Willy* v. *Mulledy*, 78 id. 310; *Couch* v. *Steele*, 3 Ell. & Bl. 410; *Atkinson* v. *Newcastle Co.*, L. R., 6 Exch. 404; *Caswell* v. *Worth*, 5 Ell. & Bl. 848; *Britton* v. *G. W. C. Co.*, L. R., 7 Exch. 130; *Braithwaite* v. *Skinner*, 5 Mees. & Wels. 327.) Defendant would be liable at common law, independent of the statute. (*Finnerty* v. *Prentice*, 75 N. Y. 615; *Grizzle* v. *Frost*, 3 Fost. & Fin. 623; *Clark* v. *Holmes*, 7 H. & N. 937; *Coombs* v. *N. B. C. Co.*, 102 Mass. 572; *Nagle* v. *A. R. R.*, 88 Penn. St. 35.) A nonsuit would have been improper. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 327; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 289; *Hayes* v. *Miller*, 70 id. 112; *Maher* v. *C. P. N. & E. R. R. Co.*, 67 id. 52; *Payne* v. *T. & B. R. R. Co.*, 83 id. 572.) Decisions made by the judge during the trial should be excepted to at the trial and cannot be after judgment. (*Hunt* v. *Bloomer*, 13 N. Y. 341.) The Penal Code does not apply to this case. (Penal Code, §§ 289, 720, 727.)

*Charles J. Patterson* for other parties interested (in support of respondent's position). Chapter 122 of Laws of 1876 would be violated by putting a child to "tend a dangerous piece of machinery." (*People* v. *Cowley*, 83 N. Y. 464.) The statute of 1876 was passed, as its title indicates, for the protection of children. It prescribed a rule of conduct to insure their safety, and one who violated the statute and in consequence injured a child is liable for damages in a civil action. (*Willy* v. *Mulledy*, 78 N. Y. 310; *Couch* v. *Steele*, 3 Ell. & Bl. 410; *Atkinson* v. *Newcastle Co.*, L. R., 6 Exch. 404;

*Braithwaite* v. *Skinner*, 5 Mees. & Wels. 327.) The violation of the English Factory Acts, which require machinery to be fenced, renders the employer liable to one injured thereby. (*Coswell* v. *Worth*, 5 Ell. & Bl. 848; *Holmes* v. *Clark*, 6 Hurlst. & Norm. 348; *S. C.* affirmed, 7 id. 937; *Britton* v. *G. W. Co.*, L. R., 7 Exch. 130.)

DANFORTH, J. The plaintiff was under the age of sixteen years, and the jury having found that the business at which she was put by the defendant was dangerous to life and limb; and that without negligence on her part she was, while pursuing it, seriously injured, awarded damages. The case was so treated both by the trial court and General Term that the only question for our consideration is whether the cause of action may be dealt with under the provisions of the act "to prevent and punish wrongs to children" (Laws of 1876, chap. 122). The first section declares that "any person having the care, custody or control of any child under the age of sixteen years, who shall exhibit, use, or employ  *  *  *  *  such child  *  *  *  *  in or for the vocation, occupation, service, or purpose of singing, playing on musical instruments, rope or wire-walking, dancing, begging or peddling, or as a gymnast, contortionist, rider or acrobat, in any place whatsoever ; or for or in any obscene, indecent or immoral purpose, exhibition or practice whatsoever ; or for or in any business, exhibition or vocation injurious to the health or dangerous to the life or limb of such child; or who shall cause, procure, or encourage such child to engage therein, shall be guilty of a misdemeanor." The next section provides that "every person who shall take, receive, hire, employ, use, exhibit, or have in custody any child under the age, and for any of the purposes mentioned in the first section of this act, shall be guilty of a misdemeanor."

The fourth section is in these words : "Whoever having the care or custody of any child shall willfully cause or permit the life of such child to be endangered or the health of such child to be injured ; or who shall willfully cause or permit such child to be placed in such a situation that its life may be endangered

or its health shall be likely to be injured, shall be guilty of a misdemeanor."

Is the defendant within the statute? He was the owner of a laundry, and on the 1st of April, 1882, the plaintiff was employed by him in its business. Having regard to the primitive mode of conducting it, such occupation would evidently be attended by no greater danger than that of the kitchen or the dairy. But with the introduction of machinery a very different condition of things exists. The collar and cuff ironer at which the plaintiff was employed had four rollers, of which two were heated; there was no guard or protection in front of them; the machine was supplied with wheels, catches, bolts and other parts, but no shifter or lever with which to stop or start it; it was run by steam, its motion in no way controllable by the operator, and when, as in the case before us, the hand became entangled, it was necessarily crushed to the thinness of a linen collar, or burned beyond the possibility of restoration. But notwithstanding all this, we are constrained to say that the employment in which she was engaged is not one of those stigmatized by statute, and consequently that the defendant upon that alone cannot be charged. The scope of the act cannot be broader than its title: " to prevent and punish wrongs to children." To that end it prohibits first, their employment in certain specified avocations, intended for the amusement of the public, and which, however unprofitable to them and dangerous to the actor, are at least in themselves innocent; second, in the most general terms, " any purpose, exhibition, or practice " which is either obscene or has an indecent or immoral purpose; and third, their employment for or in any " business, exhibition or vocation injurious to the health," or "dangerous to the life or limb of such child." Here are three clauses, the first implying a service or exhibition attractive to the spectator, because of the personal skill or dexterity of the performer, the second, practices which, tending to degrade and corrupt, are against good morals, the third, "any business, exhibition or vocation which is injurious or dangerous." The word " vocation " appears in the first clause,

where its meaning is illustrated by an enumeration of. pursuits literally within the mischief of the act; the word " exhibition " fitly describes those pursuits, and if they stood alone in the third clause, although preceded by the word "any," would, within well-settled rules of construction, embrace only things of the same kind or class as those with which they were first connected. The other word, " business," is, it is true, used for the first time. In general use it has a broader significance than either of the others, and might include any affair, however serious or trivial, into which volition entered. But here it is used with words of limited meaning, which have received in the same act a particular application, and upon the same principles of construction, must be referred to things of the same kind as those specified and to which the other words are referred. ( *Wakefield* v. *Fargo*, 90 N. Y. 218.)

We think, therefore, that a " business or vocation," to be within the purview of the statute, must be an employment either vicious in itself, or one which partakes of the character of an amusement, and that it has no application to productive industries or useful or necessary business or occupation. The defendant's employment was undoubtedly of the latter character and, although in the abstract he was engaged in " business " and the machine employed in its prosecution dangerous, there is no analogy with the avocations specified in the act, and we find nothing to show that any wider sense was intended.

The trial court, therefore, erred in submitting the case to the jury as one in which the plaintiff might recover, if in their opinion the employment of the child involved such risk to her as to bring the avocation within the meaning of the term " dangerous to life or limb." Much stress is laid by the learned counsel for the respondent upon the remarks of FOLGER, Ch. J., in *Cowley* v. *People* (83 N. Y. 464), that the life of a child might be endangered or its health injured " by putting him to ride on a vicious or unmanageable horse, or by putting him to tend a dangerous piece of machinery." The remarks were pertinent to the question then in hand — a conviction under the fourth section (*supra*), but did not involve a consideration either

of an inquiry or facts similar to those now before us. The case was put by way of illustration merely and cannot serve as precedent or authority.

The respondent also argues that without the statute the plaintiff might recover. That may well be. The complaint was properly framed to make out a cause of action at common law. There was evidence tending to support it, but in that aspect the defendant had the ruling of the trial court in his favor, and it is not now the subject of review.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.