CHARLES WHITE, AN INFANT, ETC., BY FRANK WHITE, HIS GUARDIAN AD LITEM, APPELLANT, *v.* WITTEMAN LITHOGRAPHIC COMPANY, RESPONDENT.

*Employment of a boy under thirteen years of age — not alone and of itself evidence of negligence.*

Evidence simply of the employment of a boy under thirteen years of age, in violation of the statute, does not, alone and of itself, establish negligence upon the part of his employer. The violation of the statute is evidence only upon the question of negligence, but to establish it other evidence of negligence and freedom from contributory negligence must be given.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 2d day of November, 1889; and also from an order denying plaintiff's motion for a new trial upon the minutes, entered in said office on the 30th day of November, 1889.

The action was tried at the Kings County Circuit before the court and a jury, at which a verdict was rendered in favor of the defendant. The action was brought to recover damages for injuries sustained by the infant plaintiff while in the employment of the defendant, a corporation engaged in the business of lithographing, printing and bronzing.

*James C. Church*, for the appellant.

*L. C. Raegenor*, for the respondent.

BARNARD, P. J. :

The complaint alleges that the defendant employed the plaintiff, who was at the time under thirteen years of age, and that he was placed at work on a dangerous machine without sufficient instructions as to its management. That by reason of the plaintiff's ignorance of the machine he was injured. The proof as to the age of the boy is conflicting. He said when he was employed that he was fourteen years old. The defendant's agent asked the boy for his father and mother upon this question of age. The plaintiff gave excuses why they could not come, and the defendant hired the boy upon his own assurance as to his age. The case went to the jury upon the question whether or not the plaintiff was sufficiently instructed as to the management of the machine and as to its dangerous character if not properly attended to. The jury found for the defendant. There was no negligence, therefore, proven, except that involved in the employment of the boy, who was under the age of thirteen years, contrary to statute. The question was not distinctly raised at the trial. The judge instructed the jury that a boy under fourteen years of age, there being a statute against employments under thirteen, could not avail himself of the fact against the defendant " where the boy had sought the employment."

The judge refused to charge that it was immaterial whether the factory act was violated or not. An employment of a boy under

thirteen did not, of itself, give a right of action for an injury sustained in the service. The boy was competent. Was fully instructed and may have been careless, for this follows the verdict. The only possible question, therefore, is whether negligence is made out by the mere hiring of a child under the statute age? The general purport that the employment of a minor upon dangerous machinery, is not, of itself, proof of negligence, is abundantly decided. (*De Graff* v. *N. Y. C. and H. R. R. R. Co.*, 76 N. Y., 125; *Hickey* v. *Taaffe*, 99 id., 204, and cases cited.) The principle of the decision is that the minor takes the risk of the employment like an adult, only qualified by the fact that his judgment and care in the business shall be such only as are called for by a minor. (*Stone* v. *Dry Dock, etc., R. R. Co.*, 115 N. Y., 104.)

There have also been decisions that when an employment has been entered into with a minor, that proof of negligence on the part of the master, and freedom from negligence on the part of the minor, shall be proven to entitle a plaintiff to judgment. A violation of a statute has been held to be insufficient of itself to establish negligence. The case of *Brown* v. *Buffalo and S. L. Railroad* (22 N. Y., 191) held that proof of an ordinance regulating speed was inadmissible as evidence upon the question of negligence of the company in maintaining a greater rate of speed than was permitted by the ordinance. (*McGrath* v. *N. Y. C. and H. R. R. R. Co.*, 63 N. Y., 522; *Massoth* v. *Delaware and Hudson Canal Co.*, 64 id., 524.)

The case under consideration is not like *Willy* v. *Mulledy* (78 N. Y., 310). There a breach of duty, causing damage, was held to be actionable. The breach of duty in this case did not occasion the injury of itself. The violation of the statute was evidence only upon the question, but other negligence and freedom from contributory negligence must be proven.

The question is not free from doubt. The statute was designed to protect children from dangers before the maturity of judgment assumed from a certain age was acquired. The decision, however, held that a minor assumes the risk of the employment. The statute does not say that a mere employment of a child under thirteen and an accident afterwards, shall support an action. The question whether a violation of law as to rate of speed is proof of negligence,

when the accident is caused by the rate of speed, is somewhat unsettled, but the weight of authority is that the ordinance is only evidence upon the subject.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.

