Patrick J. Murphy, Appellant, *v.* Mary Naughton, Individually and as Administratrix, etc., of Thomas J. Naughton, Deceased, Respondent.

*Complaint against an executor as such and individually — joinder of causes of action — costs on sustaining a demurrer — funeral expenses.*

By force of section 1815 of the Code of Civil Procedure, a complaint may contain a cause of action against an executor or administrator, personally and in his representative capacity, without there being any misjoinder of causes of action.

Where a complaint against a defendant, individually and as administrator, states facts sufficient to constitute a cause of action as against the defendant individ-

ually, but not as administrator, and the words "individually and as administrator" cannot be treated as surplusage, for the reason that the body of the complaint shows that the pleader intended to hold the defendant liable in both capacities, it is proper to allow costs against the plaintiff on sustaining a demurrer, setting forth several grounds of objection to the complaint, on the single ground that the complaint fails to state facts sufficient to charge the defendant as administrator.

Debts incurred by an executor or administrator subsequent to the death of his decedent, including those for funeral expenses and proper to be allowed on the passage of his accounts, do not create a liability against him in his representative capacity, but create a personal liability only.

APPEAL by the plaintiff, Patrick J. Murphy, from an interlocutory judgment of the Supreme Court, rendered at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 24th day of February, 1893, sustaining the defendant's demurrer to the complaint.

*F. Solinger*, for the appellant.

*M. Esberg*, for the respondent.

VAN BRUNT, P. J. :

This action is brought against Mary Naughton, individually and as administratrix of the goods, etc., of Thomas J. Naughton, deceased. The complaint alleges the death of Thomas J. Naughton, and the issuance of letters of administration upon his estate to the defendant, and her qualification ; that the plaintiff is an undertaker, and at the request of the defendant furnished casket, hearse, carriages and other necessaries for the funeral of deceased, which services and material were reasonably worth the sum of $376.90, and that the whole of said sum was due and judgment was demanded therefor.

The defendant demurred to the complaint upon three separate and distinct grounds :

*First.* That it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action.

*Second.* That in the complaint two causes of action had been improperly united, to wit : an action against the defendant, Mary Naughton, individually, and an action against her as administratrix.

*Third.* That the complaint did not state facts sufficient to constitute a cause of action to charge the defendant as administratrix.

The court below sustained the demurrer as to the second and third grounds, and an interlocutory judgment was thereupon entered from which this appeal is taken.

It is not claimed upon this appeal that the complaint does not state a good cause of action as against the defendant individually, but it is urged that there is no misjoinder of causes of action for the reason that the facts stated in the complaint constituted but one cause of action; and that having failed to sustain the demurrer on the second ground, costs should not have been awarded against the appellant.

In the consideration of these questions it is necessary to refer to ·section 1815 of the Code; because cases may exist where an action is brought for but one cause of action in which a person may be sued both in an individual and in a representative capacity. This section so far as applicable to the case at bar is as follows: "An action may be brought against an executor or administrator personally, and also in his representative capacity in either of the following cases: First, where the complaint sets forth a cause of action against him in both capacities, or states facts which render it uncertain in which capacity the cause of action exists against him." A complaint may, therefore, contain a cause of action against an executor or administrator personally, and in his representative capacity without there being any misjoinder of causes of action. Consequently the court erred in sustaining the demurrer upon the ground of misjoinder of causes of action.

But upon an examination of the complaint it will be seen that no cause of action whatever is alleged against the defendant in a representative capacity. She is not liable in her representative capacity for debts incurred subsequent to the death of the deceased, even though they may be incurred in respect to the administration of the estate, and although upon the passage of her accounts such indebtedness might be proper to be allowed to an administratrix. It is only a personal liability, and the defendant could only be charged personally in an action for the funeral expenses. There is, therefore, no cause of action set out against the defendant in her representative capacity. In view of the provisions of the Code, the words "individually and as administratrix" cannot be treated as mere surplusage, because it was the evident intention of

the pleader to hold the defendant liable in both capacities, the allegation in the complaint of the appointment of the defendant as administratrix being only pertinent to a claim against her in her representative capacity.

In view of the fact that no cause of action was set out against the defendant in such representative capacity we do not think that the court erred in allowing costs upon the demurrer.

The judgment must, therefore, be modified by sustaining the demurrer only as to the third ground, and, as modified, affirmed without costs of this appeal to either party.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment modified by sustaining the demurrer only as to the third ground, and, as modified, affirmed without costs of this appeal to either party.