(15 App. Div. 96.)

## BENEDICT v. FERGUSON.

(Supreme Court, Appellate Division, Second Department. March 16, 1897.)

EXECUTORS AND ADMINISTRATORS—LIABILITY FOR FUNERAL EXPENSES.

An administrator is personally liable for the expenses of decedent's funeral, where he has in his hands assets sufficient to pay the same.

Appeal from special term, New York county.

Transferred from the First department.

Action by Charles A. Benedict against Amelia Ferguson. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James H. Hopkins, for appellant.
John L. Kirk, for respondent.

HATCH, J. The complaint in this case is sufficient to resist the demurrer. Its averments are that the plaintiff is an undertaker; that, as such, he buried the body of defendant's brother, furnished a casket and other necessary materials, performed services, and expended moneys in connection with the burial, all of which was necessary, and reasonably worth the sum of $247.25; that thereafter letters of administration were issued upon the estate of the deceased to the defendant in the action; that she duly qualified as administratrix, and received assets of the estate in excess of the sum of

-$800, averred demand for payment and refusal, and demanded judgment for the said amount, with interest.

The grounds of demurrer are two: First, that the action cannot be maintained against the defendant individually; second, that the complaint does not state facts sufficient to constitute a cause of action. The questions presented are settled by authority. In a very satisfactory opinion by Judge F. J. Daly the rule was laid down that, where the personal representative has sufficient assets in his hands, he is personally liable to pay for the funeral expenses and interment of the deceased to such extent as is suitable to his station and rank in life. Rappelyea v. Russell, 1 Daly, 214. This case has been approved by other courts (Lucas v. Hessen, 13 Daly, :347; Kessell v. Hapen, 8 N. Y. St. Rep. 352), and the same doctrine held by others (Patterson v. Patterson, 59 N. Y. 574; Murphy v. Naughton, 68 Hun, 424, 23 N. Y. Supp. 52). Every requisite of a good cause of action is found present in this complaint.

It follows that the judgment should be affirmed, with costs, with leave to the defendant to answer within 20 days, on payment of costs. All concur.