(22 Misc. Rep. 63.)

RILEY v. WALLER.

(Supreme Court, Trial Term, Kings County. December 27, 1897.)

EXECUTORS—PERSONAL LIABILITY—FUNERAL EXPENSES.

The necessary funeral expenses of a deceased person being a direct charge against his estate, actions therefor can be brought against the executor or administrator only in his representative capacity, unless they have been incurred under a special contract with some party to pay for them, or unless it be pleaded and proven that the personal representative has sufficient funds of the estate in his hands.

Action by William H. Riley against Anna Waller, as executrix, etc. After verdict directed for plaintiff, defendant moved for a new trial on the minutes. Denied.

M. F. McGoldrick, for plaintiff.
W. J. Courtney, for defendant.

GAYNOR, J. This action is against the executrix as such for the value of work done and material furnished by the plaintiff in the actual burial of the testator. They were necessary to the burial and suitable in expense to the estate. They were done and furnished at the request of the widow, but not upon her credit, or upon any contract, but upon the credit of the estate. The evidence of the defendant to show that she never ordered the work and material was excluded as irrelevant, the case being thus rested upon the proposition of law that nevertheless the estate is liable therefor, and the action was properly brought against the estate, viz. against the defendant as executrix.

It is contended that the action cannot be maintained against the executrix in her representative capacity, but only against her individually. As the claim is a valid charge against the estate, and must be got out of the estate in some way, the objection seems frivolous, notwithstanding the amount of apparent authority which may be cited for it. But such authority is more seeming than real.

The executrix is not individually liable for the claim. Upon what intelligent principle or reason, then, should the action be brought against her individually? If the debt were hers, and not against the estate, the action would of course have to be against her. But it is not hers; she did not create it; it is against the estate, having been created against it by operation of law. For obligations incurred by an executor or administrator in the course of administration, actions do not lie against him in his representative capacity, but only against him individually. He is liable upon them individually without any regard to whether he can get reimbursement from the estate upon his accounting. The persons with whom he so deals have nothing to do with that. They acquire through him no claims or rights of action against the estate, and he has no power to give them any. Austin v. Munro, 47 N. Y. 360. Actions may be maintained against him in his representative capacity only upon rights of action against the estate; and these can only be such as existed against the decedent in his lifetime, or mature out of his contracts or his will, or arise by operation of law, after his death. By the common law the suitable expense of the burial of a deceased person was a valid claim and first charge against his estate directly, and not indirectly, or by any fiction of intermediate liability by the executor or administrator individually; and this is still the law. Whoever, relative or stranger, does the service of burial, or has it done, provided he be not a meddler, or has not done it upon a special contract with some one to pay for the same, has a legal claim therefor, not against the solvent or insolvent individual who may qualify as executor or administrator, but against the estate. The many authorities for the foregoing tempt the overgrown habit of citation; but let one reference suffice. Patterson v. Patterson, 59 N. Y. 583. To review the many disagreeing and abstruse decisions upon this vexed question, of whether an action upon a claim for necessary funeral expenses, which is a charge against the estate itself, should be brought against the executor or administrator individually, instead of in his representative capacity, would seem to be a vain and useless thing. The smaller the point, the greater the dispute, is an adage. The rule that for obligations incurred by the executor or administrator during administration recourse may only be had against him individually, and not against the estate, is generally recognized in them; but it seems to be not always perceived that the obligation arising by operation of law against the estate itself in favor of those who perform the duty of burial, does not come within that category. It is created by the law, not by the executor or administrator; and it is with this in mind that our statute expressly recognizes the expense of burial as a direct charge against the estate, and permits an executor to pay it out of the same even before he qualifies (Code Civ. Proc. § 2613); and also classes it with the debts of the decedent in making provision for their payment out of the realty (Id. § 2749). The invariable practice also is to make out and present against the estate claims for the funeral expenses. No layman would think of making claim therefor against the executor or administrator individually, unless he had made him-

self individually responsible. In many of the cases the plaintiff had entered into a special contract with the executor or administrator, sometimes for a fixed amount, instead of doing the service upon the credit of the estate; thus affording ground for the decision that he must bring action against the executor or administrator individually. Such upon its precise facts was the case of Ferrin v. Myrick, 41 N. Y. 315. The decision there is upon the principle that the plaintiff had no claim against the estate, for the reason that he did not do the work upon the credit of the estate, but upon a special contract with the administrator individually, though the prevailing opinion may not clearly bring that out; but we have received a very recent admonition from the court of last resort that statements in the opinions of its members by way of discussion are not to be taken for law, but only the precise decision made upon the facts of the case. Colonial City Traction Co. v. Kingston City R. Co. (N. Y.) 48 N. E. 900. If such an admonition had come earlier, much obedient following and consequent going astray would have been avoided. Hickey v. Taaffe, 32 Hun, 9, 99 N. Y. 209, and 1 N. E. 685.

The later case of Patterson v. Patterson, supra, seems to be precisely in point. There the executor brought action upon a bond executed by the defendant to the testator. It came into his hands as part of the estate, and an inspection of the complaint shows that he brought the action (as was proper) in his representative capacity. The defendant set up as a counterclaim the necessary funeral expenses paid by him, and its disallowance below was reversed. It follows that he had a cause of action against the estate, viz. against the executor in his representative capacity therefor. There are other cases in which the precise question was so decided. Laird v. Arnold, 25 Hun, 4; In re Laird, 42 Hun, 136; Adams v. Butts, 16 Pick. 343; Redf. Surr. Prac. (5th Ed.) p. 438. The decisions (like Benedict v. Ferguson, 15 App. Div. 96, 44 N. Y. Supp. 307) which uphold actions for funeral expenses against an executor or administrator individually, upon a complaint that he has funds of the estate sufficient to pay the same, but refuses, are not adverse to this action. They hold (the later ones only following precedents) that that kind of an action may be, not that this kind may not be, maintained. Indeed, the rule governing such actions, that the executor or administrator may not be made personally liable unless it be pleaded and proved that he has sufficient funds of the estate, goes to show that he is not in any sense whatever individually liable for the claim, but that the estate alone is.

The motion for a new trial is denied.