(23 Misc. Rep. 545.)

PEOPLE ex rel. BROOKLYN YOUNG MEN'S CHRISTIAN ASS'N v. WILLIS.

(Supreme Court, Special Term, Kings County.  May, 1898.)

MUNICIPALITIES—WATER TAX—EXEMPTIONS.

The charter of the city of Brooklyn, tit. 22, § 33, providing that "the several hospitals, orphan asylums and all other charitable and benevolent corporations" are exempt from payment for water, is to be construed as being limited to the class of institutions specifically named, or similar thereto; and hence the Young Men's Christian Association is not exempt.

Proceeding, on the relation of the Brooklyn Young Men's Christian Association, against Theodore B. Willis, as commissioner of public works.  Heard on motion.  Denied.

Henry Yonge, for relator.
William J. Carr, for respondent.

JOHNSON, J.  The question in this case is whether or not the Young Men's Christian Association is liable to pay for the water furnished to it in the ordinary way by the city of Brooklyn.  Exemption is claimed under the provisions of section 33, tit. 22, of the charter of the city of Brooklyn, which provides that "the several hospitals, orphan asylums and all other charitable and benevolent corporations, societies and institutions now existing in the city of Brooklyn or which hereafter may be established therein," are exempt from the payment for water, etc.  There can be no question that the Young Men's Christian Association is an association incorporated for charitable work, as "charity" is understood and defined in the law.  Not only is its work charitable, but it is benevolent, and undoubtedly, in the highest degree, commendable and beneficial.  But the question is, is that institution within the statute?  It is contended that it is, because it is a benevolent and charitable corporation.  If that statement carries with it that effect, then the words "hospitals and orphan asylums" are surplusage, and the section would mean exactly the same if it had stated that all charitable and benevolent corporations in the city of Brooklyn are relieved from the charge of water.  We are not allowed to construe the statute so as to make any part surplusage.  The words "hospitals and orphan asylums" must be given some effect; and a part of that effect, under the rule laid down in Hickey v. Taaffe, 99 N. Y. 204, 1 N. E. 685, is that such specific words must be construed in some way to characterize or limit the general words that follow, as though the language were, "and all other similar charitable and benevolent corporations."  Besides, it is a well-settled rule, and familiar, that one who claims exemption from common burdens must establish the exemption clearly, and construction will incline against giving such an effect.  Taking this altogether, I think the application must fail.  Hospitals and orphan asylums, in some de-

gree, do the work that the public would otherwise be compelled to do in the support and care of the helpless poor. This relator undoubtedly does work beneficial to the public, but not a work which the public necessarily is compelled to do; at least, not a work that relieves its treasury, as does the care of the sick and the orphan. I think the exemption necessarily would be extended to all institutions that, as a matter of charity, take and care for the helpless in the community. A lunatic asylum, an asylum for the blind, a home for inebriates, would very possibly be within that class. This statement is made, not to determine whether such institutions would be within the class, but to indicate that a meaning can be given to the general words of the section which is in entire harmony with the specific words, and which is yet in accordance with the conclusion here reached.

The motion must be denied.