(40 App. Div. 493.)

PATTERSON et al. v. BUCHANAN.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

1. EXECUTORS AND ADMINISTRATORS — ACTION FOR FUNERAL EXPENSES — PARTIES.
   A claim for funeral expenses is not one on which an action must be brought against the representatives of the deceased in their personal capacity, but an action may be maintained against them as administrators.

2. SAME—COSTS.
   The administrator admitted a claim for funeral expenses, and promised to pay it, but in an action brought before the expiration of the year allowed for the payment of debts he contested the claim on the ground that it should have been brought against him in his personal, and not in his representative, capacity. Held, that costs should not be allowed against the estate on the ground that the claim was unreasonably resisted.

Appeal from trial term.

Action by Tunis H. Patterson and Charles Plowright against T. Fraser Buchanan, as administrator of Peter D. Buchanan, deceased. Judgment for plaintiffs. Defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

I. N. Miller, for appellant.
W. B. Wait, Jr., for respondents.

PATTERSON, J. The plaintiffs (respondents) in this action were undertakers, and as such took charge of and superintended the funeral and interment of Peter D. Buchanan, the defendant's intestate, and for work, labor, and services, and for goods and materials supplied

and moneys laid out and expended in connection therewith, they brought this action against the administrator of the estate of the decedent in his capacity as administrator. There was no express contract, and no proof of who employed them. There is no dispute as to the rendition of the services, or the payment of moneys, or the value of the materials furnished, but the defendant insists that he is not liable in an action in his representative capacity. The case was tried on a stipulation that a question of law only was involved, and it was submitted to the determination of the judge without a jury. Judgment was entered for the plaintiffs, and the defendant appeals.

We are of the opinion that the judgment was properly rendered. The intestate's estate was liable for this undertaker's bill, and its amount is a direct charge upon that estate, to be paid preferentially to all other obligations. If there had been an executor of the will, he might have paid it even before taking out letters or qualifying (Code Civ. Proc. § 2613); and it ranks as a debt of the decedent for certain purposes (Id. § 2749), although, strictly speaking, it may not be called a debt. The defendant's position seems to be that, although the claim is charged upon the estate, it cannot be enforced or made the subject of an action except against the administrator personally, who may reimburse himself from the estate. An executor or administrator may make himself personally liable by contract or by employment; and where he has sufficient assets in his hands, and refuses or declines to pay, he may be held personally liable for funeral expenses and interment of his testator or intestate. Benedict v. Ferguson, 15 App. Div. 96, 44 N. Y. Supp. 307. In Rappelyea v. Russell, 1 Daly, 214, the learned first judge of the court of common pleas, referring to the law of New York upon this subject, remarks that the only case relating to funeral expenses in this state (up to that time) appears to be Myer v. Cole, 12 Johns. 349, and that all that was held there was that a count against the executor to pay the costs and charges of funeral expenses could not be joined with a count for labor and goods sold to the testator in his lifetime. Rappelyea v. Russell was an action against the public administrator of the city of New York for the expenses of interment of an intestate, and the rule was announced that, where an executor has sufficient assets in his hands for the purpose, he is liable to a third person, who, as an act of duty or necessity, has provided for the interment of a deceased in the same way that an administrator would be; and that a person who defrays the necessary funeral expenses of an intestate before letters of administration are granted is entitled to be reimbursed out of the assets which come into the hands of the administrator, and that an administrator having assets in his hands, who refuses or neglects to pay the funeral expenses after being requested to do so, is individually liable at the suit of the person who has been at the expense of the funeral. In the opinion of Judge Daly (1 Daly, 218) reference is made to Gregory v. Hooker, 8 N. C. 394, in which the chief justice of North Carolina says funeral expenses are not a debt, but properly a charge upon the estate; and if an administrator, having assets in his hands, refuses or neglects to pay them after

being requested to do so, he is individually liable at the suit of the person who has been at the expense of the funeral. In the opinion mentioned, reference is also made to Parker v. Lewis, 13 N. C. 21, which decides the point raised in the case at bar, which is that an action of assumpsit for funeral expenses may be maintained against the administrator in his character as such; that they are a charge upon the assets independently of any promise of the administrator, and, if suitable to the estate and degree of the deceased, are to be preferred to any other claim. The point has been decided in this state in favor of the plaintiff's contention and by courts of authority. Dalrymple v. Arnold, 21 Hun, 110, was an appeal from a judgment against an administrator for the funeral expenses of the wife of the intestate, who died in the lifetime of such intestate. The facts of the case are not reported, but the general principle is asserted that those funeral expenses were a charge upon the estate of the husband, and the suit was, evidently, to recover them. In Laird v. Arnold, 25 Hun, 4, it was held that in an action against an administrator the funeral expenses of the intestate are a charge upon his estate, and the defendant is liable in an action at law as administrator, unless he contracted with the plaintiff solely in his individual capacity. It is argued that Ferrin v. Myrick, 41 N. Y. 315, is an authority against this view, but in that case the contract was made individually by the person who was administrator for a gravestone for the deceased, and it was held that the liability was upon a personal contract. Nor is Murphy v. Naughton, 68 Hun, 424, 23 N. Y. Supp. 52, adverse to this view. That was an action against an administrator for an undertaker's bill for services rendered at the request of the defendant, and the court held that no cause of action was set out against the defendant in her representative capacity, and the demurrer was sustained. There being only a personal liability alleged in the complaint, the defendant could only be charged personally in an action for the funeral expenses. Here there is an obligation, not created by the administrator in the course of administration, but one arising out of the law, and, although not a contract of the intestate, it is a charge on his estate, to be satisfied out of the estate; and we are of the opinion that, in the absence of any contract relations between the representative of the estate and the person entitled to payment, an action such as this will lie.

The justice presiding at the trial awarded costs against the estate, and it is urged by the appellant that costs are not recoverable. We concur in that view. The justice made a certificate that payment of the claim was unreasonably neglected and resisted by the administrator, and he stated in the certificate that he so certified upon the facts appearing before him. Those must be the facts set forth in the complaint, but there are no facts therein stated which show that payment was unreasonably resisted. On the contrary, there are allegations that the administrator admitted and promised to pay the claim. There is no fact certified to showing the necessity or propriety of bringing this action before the expiration of the year allowed to the administrator for the payment of debts or claims against the estate. He did not resist payment until he was sued. Whether payment of a

claim is unreasonably resisted depends very largely upon matters outside of, and not connected with, the cause of action, or the merits of a claim. The action was brought before the expiration of a year. There is no proof that the administrator had assets applicable to payment of the claim, and the conclusion of unreasonable resistance is not justified because, when sued, after promising to pay, but before the expiration of the year, the administrator disputed his liability to an action in his representative capacity.

The judgment appealed from must be modified by striking therefrom the provision relating to costs and disbursements, and making it a judgment for $172.33, the amount of the plaintiffs' claim, with interest thereon. As thus modified, the judgment is affirmed, without costs. All concur.