In the Matter of the Estate of CATHERINE C. KALBFLEISCH, Deceased.

ALBERT M. KALBFLEISCH, as Administrator, etc., of CATHERINE C. KALBFLEISCH, Deceased, Appellant    WILLIAM H. HOMAN, Respondent.

*Funeral expenses — preference in payment from the decedent's estate — liability of an administrator therefor — distribution of the decedent's estate to creditors thereof before the passage of chapter 293 of the Laws of 1901.*

Chapter 293 of the Laws of 1901, which took effect September 1, 1901, and added to section 2729 of the Code of Civil Procedure, subdivision 3, requiring every executor to pay out of the first moneys received the reasonable funeral expenses of the decedent, and authorizing the surrogate, if such funeral expenses are not paid within sixty days after the granting of letters testamentary or of

administration, to require the executor or administrator to pay such claim, does not apply to a case where an administrator, prior to the time the amendatory act took effect, expended, as he was justified in doing under the then existing laws, all of the moneys of the decedent's estate except the sum necessary for the payment of the expenses of administration, in the payment of the personal bills of his intestate to the exclusion of the funeral expenses.

Prior to the time when the amendatory act took effect the liability of an administrator for the funeral expenses of his intestate was a personal and not a representative liability.

APPEAL by Albert M. Kalbfleisch, as administrator, etc., of Catherine C. Kalbfleisch, deceased, from a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 7th day of May, 1902, directing the said administrator to pay the funeral expenses of the said decedent out of her estate.

*Justin S. Galland* [*Andrew Foulds, Jr.*, with him on the brief], for the appellant.

*Daniel B. Thompson*, for the respondent.

GOODRICH, P. J. :

This appeal is from a decree of the surrogate of the county of Kings, directing Albert M. Kalbfleisch, administrator, etc., of his deceased wife's estate, to pay her funeral expenses out of her estate.

On April 5, 1901, the Legislature passed chapter 293, an act amending section 2729 of the Code of Civil Procedure, by adding subdivision 3, which in part reads : " Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent, and the same shall be preferred to all debts and claims against the deceased. If the same be not paid within sixty days after the grant of letters testamentary or of administration the person having a claim for such funeral expenses may present to the surrogate's court a duly verified petition praying that the executor or administrator may be cited to show cause why he should not be required to make such payment, and a citation shall be issued accordingly. If upon the return of such citation it shall appear that the executor or administrator has received moneys belonging to the estate which are applicable to the payment of the claims for funeral expenses, the surrogate shall, unless the validity of the claim

and the reasonableness of its amount are admitted by such executor or administrator, take proof as to such facts, and if satisfied that such claim is valid shall fix and determine the amount due thereon, and shall make an order directing the payment, within ten days after the service of such order with notice of entry thereof upon such executor or administrator, of such claim, or such proportion thereof as the money in the hands of the executor or administrator applicable thereto, may be sufficient to satisfy."

Section 2 provided that the act should take effect September 1, 1901.

Mrs. Kalbfleisch died in April, 1901, and the appellant was appointed administrator in June, 1901. In April, 1902, the claimant filed his petition setting out that the funeral services of Mrs. Kalbfleisch were conducted by him, and that his claim for the reasonable funeral expenses was $289, no part of which has been paid. A citation was issued by the surrogate, and on the return Mr. Kalbfleisch was examined as a witness. He testified, " there has come into my hands about the sum of $350 and a few little things," and that prior to August 1, 1901, he had distributed all but $75 or $100 in payment of the personal bills of Mrs. Kalbfleisch, but had not paid the expense of administration, and that the sum in his hands would be necessary for that purpose. The court adjudged that the petitioner's claim was reasonable and ordered Mr. Kalbfleisch to pay the claim within ten days, with costs, or such proportion thereof as the $350 received by him might be sufficient to satisfy.

The appeal raises the question whether the amendment of section 2729 by the act of 1901 controls cases where the death of a person and the appointment of an administrator and the collection and distribution of moneys of the estate occurred prior to September 1, 1901, when that act took effect.

In *Matter of Kipp* (70 App. Div. 567), in the first department, it was held that the amendment was a mere regulation of procedure, and that it is a well-settled rule that no matter when a claim may mature, the form of procedure provided by law for its collection at the time the proceeding for collection is taken must be the one adopted. The surrogate had ordered a reference to take proof of the petitioner's claim and report. The Appellate Division affirmed the order. It does not appear in the report what was the

condition of the estate nor whether the administrator had in his hands funds sufficient for the payment of the petitioner's claim, and we may assume that there was no such question as is here involved.

The amendment to the act in question is not retroactive in regard to acts of an administrator which were lawful at the time of their taking place. It had no more effect prior to September 1, 1901, than if it had never been passed. Before that date there was no cause of action against an administrator in his representative capacity for the funeral expenses of his intestate. This was a personal and not a representative liability. (*Murphy* v. *Naughton,* 68 Hun, 424.)

Before the act of 1901 took effect the administrator had collected and disbursed the money of his intestate's estate in accordance with the existing laws. This he was legally justified in doing. It would be inequitable to force him by threat of proceedings for contempt to pay from his own funds a bill for which he is not responsible in his capacity of administrator.

There is no evidence, and none was offered, to contradict the testimony of Mr. Kalbfleisch, that he has only sufficient funds remaining in his hands to pay the expenses of administration, and it is, therefore, unnecessary to remit the proceedings to the surrogate to inquire into the condition of the estate.

The decree should be reversed, without costs.

BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Decree of the Surrogate's Court of Kings county reversed, without costs.