## PACHE v. OPPENHEIM.

(Supreme Court, Appellate Term. November 18, 1903.)

1. MUNICIPAL COURT—JURISDICTION—ACTION AGAINST EXECUTOR.
   The Municipal Court act (Laws 1902, p. 1489, c. 580, tit. 1, § 1, subd. 18) expressly authorizes that court to entertain an action against an executor or administrator, as such, where the recovery is not to exceed $500.

2. HUSBAND AND WIFE—SEPULTURE OF WIFE—PAYMENT BY HUSBAND—REIMBURSEMENT.
   A husband who, before administration was assumed, necessarily incurred and paid the reasonable cost of his wife's sepulture, is entitled to reimbursement out of her estate.

3. EXECUTORS—ACTION AGAINST—PLEADING—SUFFICIENCY.
   An allegation that defendant is the "duly qualified and acting executrix of the estate of said P., deceased, by the due consideration and order of the Surrogate's Court of the county of N," inferentially sets forth that decedent left a will, that it was duly probated, that defendant was named as executrix, and that she was duly appointed and qualified as such.

4. SAME—EXISTENCE OF ASSETS—NECESSITY OF ALLEGATION.
   Code Civ. Proc. § 1824, expressly dispenses with the necessity of pleading the existence, sufficiency, or want of assets in actions against executors.

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 755; Husband and Wife, vol. 26, Cent. Dig. §§ 136, 594.

5. MUNICIPAL COURTS—JURISDICTION—CLAIMS EX LEGE.
    An action against an executor by a husband for expenses incurred in the sepulture of his wife, since it arises ex lege, is not within any of the classes over which the Municipal Court has jurisdiction under Laws 1902. pp. 1487–1489, c. 580, tit. 1, § 1, subds. 1–19.
6. SAME—IMPLIED CONTRACTS—QUASI CONTRACTS.
    A quasi contract is not an implied contract, within the meaning of the Municipal Court act (Laws 1902, p. 1487, c. 580, tit. 1, § 1, subd. 1), giving that court jurisdiction of actions for breach of contract, express or implied.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles Pache to recover the reasonable cost of his deceased wife's sepulture, paid by him before administration was assumed, against Bertha Oppenheim, as executrix, etc., of Eliza Pache, deceased. From a judgment sustaining a demurrer to and dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Powell & Cady, for appellant.
Johnston & Johnston, for respondent.

BISCHOFF, J. The demurrer was upon three grounds, viz., that the court below was without jurisdiction of the person of the defendant, that the complaint was defective in substance, and that the court was without jurisdiction of the subject of the action.

The ground of demurrer first above stated was untenable, since the Municipal Court act (Laws 1902, p. 1489, c. 580, tit. 1, § 1, subd. 18), in terms, authorizes that court to entertain an action against an executor or administrator, as such, when the recovery is not to exceed $500.

That the undertaker's services were given, and the necessaries for decent sepulture furnished, upon the plaintiff's credit, may not give the former a right to resort to the estate of the decedent for payment; but it remains that the plaintiff, having ex necessitate incurred and paid the reasonable cost of sepulture, is entitled to reimbursement out of the estate. Lucas v. Hessen, 13 Daly, 347; Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384. Unquestionably, the decent sepulture of his wife's remains is among the husband's obligations. Patterson v. Patterson, supra; Foley v. Phelps, 1 App. Div. 551, 37 N. Y. Supp. 471; 8 Am. & Eng. of Law, 838; Schouler's Husband & Wife, 3412. But the absolute duty, at common law, of the husband to supply his wife with necessaries, which was grounded in the fact that coverture denuded the wife of all means (Schouler's Husband & Wife, 147 et seq., 164 et seq., 167 et seq.), has, since the changes in the law which now preserve the wife's estate free from the control of her husband, been so far modified that inter sese the husband must supply his wife with necessaries only to the extent that her own means are inadequate for that purpose. Accordingly it has been held that the husband may recover the reasonable cost of his wife's sepulture paid by him, out of her estate. McCue v. Garvey, 14 Hun, 562; Freeman v. Coit, 27 Hun, 447. The allegation

"that the defendant is the duly qualified and acting executrix of the estate of said Eliza Pache, deceased, by the due consideration and order of the Surrogate's Court of the county of New York," while inartificial, inferentially sets forth that the decedent left a last will, that it was duly admitted to probate, that the defendant was therein named as executrix, and that she was duly appointed and qualified as such. Section 1824 of the Code of Civil Procedure dispenses with the necessity of pleading the existence of assets in an action against an executor or administrator in his representative capacity. The complaint was therefore not insufficient in substance.

But we conclude that the court below was without jurisdiction of the subject of the action. That an action, upon a state of facts such as is here presented, may be maintained against an executor or administrator, as such, was ruled by the Appellate Division of the First Department in Patterson v. Buchanan, 40 App. Div. 493, 58 N. Y. Supp. 179; the court placing its decision, not upon any express or implied contract with either the decedent or his personal representative, but upon the ground that the charge upon the estate arose ex lege. See, also, Riley v. Waller, 22 Misc. Rep. 63, 48 N. Y. Supp. 535. That being so, the present action does not come within any of the classes of actions of which the Municipal Court has jurisdiction. Laws 1902, pp. 1487–1489, c. 580, tit. 1, § 1, subds. 1–19. If it be contended that the action is ex quasi contractu, it comes within the ruling of this court (Harrington v. City of New York, 40 Misc. Rep. 165, 81 N. Y. Supp. 667) that a quasi contract is not an implied contract, within the meaning of the Municipal Court act (tit. 1, § 1, subd. 1). The judgment appealed from must be affirmed.

Judgment affirmed, with costs. All concur.