of action altogether, and in that way destroying a property right. It is enough that the city had actual notice of the condition.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, § 235.]

Action by Charles MacMullen against the city of Middletown. Defendant demurs to the complaint. Demurrer overruled.

E. N. Oakes, Thomas Watts, and William Vanamee, for plaintiff.

Russell Wiggins, for defendant.

DICKEY, J. The demurrer interposed in this action is based on the failure of the complaint to contain an allegation that a written notice of the existence of the snow or ice on the sidewalk was actually given to the common council, and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe, within a reasonable time after the receipt of such notice; the claim being that it is a condition precedent to recover for a claimant to allege and prove that such a written notice was served on the common council by somebody. The complaint contains an allegation that the defendant had knowledge or notice of the dangerous condition of the sidewalk for upwards of two weeks, which is an allegation of actual notice of its condition. As the duty is imposed on the city to keep its sidewalks in a reasonably safe condition, it appears to me that the requirement of the charter that, to recover for personal injuries received because of the neglect of the city in not keeping its sidewalks in a reasonably safe condition it must be shown that a written notice of the dangerous condition had been given to the common council is so unreasonable that the provision of the charter in that respect cannot be upheld. The courts have held good a provision that, to recover in such cases, there must be an actual, instead of a constructive, notice to the city authorities; but, so far as I can find, there has yet been no approval of this additional requirement of a written notice. To my mind, the enforcement of such a provision would practically take away the right of action altogether, and in that way destroy a property right. It may be held that it was in power of Legislature to so restrict or destroy the right of action, but I will not do it in the first instance.

Demurrer overruled, with costs, with leave to answer.

(45 Misc. Rep. 275.)

## BELL v. CLARKE.

(Supreme Court, Special Term, New York County. November, 1904.)

1. PLEADING—IRRELEVANT ALLEGATIONS.

An allegation in a complaint is irrelevant where it has no substantial relation to the controversy, and cannot affect the decision of the court.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1156.]

2. SAME—SCANDALOUS ALLEGATIONS.

Allegations in pleading which are relevant to the issue cannot be stricken out on motion, though scandalous.

3. INJUNCTION—PLEADING.

Plaintiff sued to restrain defendant from holding herself out as his wife, and the issue involved was whether any marriage had taken place be-

tween the parties. *Held*, that an allegation in the complaint as to the original meretricious relations between the parties was relevant, as it would be presumed that the relations continued to be of the same character.

**4. SAME.**

In an action to restrain defendant from holding herself out as plaintiff's wife, an allegation in the complaint that plaintiff was married to another woman at the time the relations between the parties began is relevant.

Action by Louis V. Bell against Evelyn M. Clarke, otherwise known as Evelyn M. Bell and Evelyn M. Clarke Bell. Motion to strike out certain parts of the complaint. Denied.

Boardman, Platt & Soley, for plaintiff.

Ritch, Woodford, Bovee & Butcher (C. N. Bovee, of counsel), for defendant.

CLARKE, J. Motion to strike out certain portions of the complaint in an equity action to have it adjudged that defendant is not plaintiff's wife, and to restrain the defendant from holding herself out as the wife of the plaintiff, as redundant, irrelevant, and scandalous. An irrelevant allegation is one which has no substantial relation to the controversy between the parties to the suit, and which cannot affect the decision of the court, because it has no bearing upon the subject-matter of the controversy. Park & Sons Co. v. National Druggists' Ass'n, 30 App. Div. 508, 52 N. Y. Supp. 478. The main controversy between the parties to the suit is whether or not plaintiff and defendant are' man and wife. The complaint alleges that no ceremonial or other marriage ever took place. It alleges that in April, 1895, the defendant became plaintiff's mistress, and generally lived with him in said relation until about the month of May, 1903. It is settled law that, where it is established that the relations between a man and a woman were meretricious at the commencement thereof, such relations are presumed to so continue. It seems to me relevant, therefore, to the issue that at the time of the commencement of the relations between plaintiff and defendant he was married to another woman, and thus to establish the meretricious character of the connection at the outset. As to the portion of paragraph 4, as to which the motion is addressed, the matter therein complained of, if untrue, is certainly scandalous in character; but, if relevant to the issue, I do not see how it can be stricken out on motion as scandalous. It seems to me it must be irrelevant, as well as scandalous, before it can be attacked in this way. Hilton v. Carr, 40 App. Div. 493, 58 N. Y. Supp. 134. Certainly its truth cannot now be inquired into. As already decided by me in the memorandum handed down to-day (92 N. Y. Supp. 163) on the motion in this case to set aside an order for the examination of a witness de bene esse on the matters herein set forth, I think they are relevant to the issue. They are, perhaps, to be criticised as a statement of evidence which tends to sustain the fact pleaded in the fifth paragraph, wherein plaintiff alleges:

"Plaintiff and defendant were never married to each other by any ceremonial or other marriage, or in any way whatsoever, and never made any agreement to be or to become man and wife, and never at any time were married or became man and wife."

In my opinion, without being pleaded, those matters could be proved as involved in that issue, and relevant proof to sustain it. But must all statements of evidence be stricken from a pleading on motion as redundant? For I cannot now hold them as scandalous or irrelevant. This is an action in equity, and it seems always to have been the practice of the profession in drafting the bill to make it much fuller, to give a more detailed picture, to elaborate and to amplify in a way not followed in drawing the complaint or declaration at common law. As said in the Park & Sons Case, supra:

"Ordinarily, such a complaint [for a money judgment] may well be made plain and concise, but when equitable relief is sought there must be, from the necessity of the case, greater latitude in the allegations of the complaint. The nature of the relief itself frequently requires not only that the ultimate facts from which the right to relief arises should be stated, but that facts, which are somewhat collateral should be laid before the court, so that the precise relief required to give to the party what he is entitled to and the way in which that relief shall be granted may be understood. For that reason, in actions of that nature, greater latitude and liberality are allowed in the preparation of pleading than in other actions, and the power to strike out matter which is claimed to be irrelevant should be used with reluctance and caution."

In Uggla v. Brokaw, 77 App. Div. 314, 79 N. Y. Supp. 247, the court defined "irrelevant" in a pleading as follows:

"It may be observed that matter which can have no bearing on the issues, either on account of its manifest irrelevancy or because the law declares that it cannot be introduced, would seem to be irrelevant."

This matter does not fall within that definition. I have reached the conclusion, after such examination as the limited time at my disposal permitted, as counsel urge an immediate decision, that in this equity suit the power to strike out, which "should be used with reluctance and caution," ought not to be availed of. Plaintiff has given defendant a full statement of his view of the situation. It is in such shape as to be readily answered. While perhaps fuller than necessary, defendant has the advantage of being apprised now of the character of his contention and the nature of the facts alleged to sustain it.

Motion denied; $10 costs.