MANSELL v. CONRAD et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

MASTER AND SERVANT—INJURIES TO SERVANT—EVIDENCE—DEFECTIVE MACHINERY.

In an action for injuries to a 16 year old girl while operating a laundry mangle, the guard of which had become unfastened, so as to permit her hand to pass under it and between the rollers, evidence *held* to sustain a verdict for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

Appeal from Trial Term, Kings County.

Action by Josephine Mansell against William B. Conrad and others. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, certain defendants appeal. Affirmed.

The action was for damages for negligence. The plaintiff, a 16 year old girl, was employed by the defendant to feed an ironing machine or mangle run by shafting and belt. She had been working on the machine that hurt her for about 10 minutes. She had worked on other similar machines in the place and understood how to feed them.

Handkerchiefs were being fed into the mangle by the plaintiff. She had to spread them on a feeding table, and press them forward thereon until they

went into the mangle, viz., between a revolving hot drum and a revolving steel roller. There was a guard across the table about 4 inches from the line of contact of the drum and roller, and parallel therewith to prevent the hand of the person feeding to be drawn in. It was 2½ feet long, 2½ inches high, ⅞ of an inch thick and ⅜ of an inch up from the table, so that the fabric to be ironed could be passed under it.

The jury found that this guard had become unfastened at one end, and suddenly raising up allowed the plaintiff's hand to go under it and get between the drum and roller.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederick B. Campbell (Bertrand L. Pettigrew and Henry S. Curtis, on the brief), for appellants.

Henry Escher, Jr., for respondent.

GAYNOR, J. This case is different to that of Hickey v. Taaffe, 99 N. Y. 204, 1 N. E. 685, 52 Am. Rep. 19; on appeal 105 N. Y. 26, 12 N. E. 286, which the appellants do not cite or claim to be applicable. The case is argued on the question of negligence and contributory negligence from the standpoint of the condition of the guard in front of the drum and roller. It is contended that if the plaintiff had her eyes on her work she would have seen the guard going up and down, and avoided the accident. It is also argued that she must have seen that the guard was loose, and that therefore she assumed the risk of the defect. We have to remember that she was only sixteen years old and had been working on the machine only about ten minutes. The verdict was not excessive, though full.

The only other point argued is an exception to the charge. The learned trial judge charged that the question of the assumption of risk by an employé arises only "after the employer has satisfied his obligation in providing reasonably safe tools, appliances and implements for the doing of the work." Now, to be sure, this is just the reverse of the law. The law of assumption of risk by an employé arises, and can arise, only on some omission or breach of duty by the employer in his said obligation, instead of arising after he has fulfilled the same. If he fulfills his obligation, there are no risks for the law of assumption of risks by employés to apply to. The law of assumption of risks by an employé applies only to those risks for which the employer is liable unless the employé has assumed them. It does not apply to the risks which are inherent in the work, and therefore remain after the employer has done his duty. He is not liable for them at all; the law casts them on the employé. The employer may by contract assume such risks; but in respect of employés, the law of assumption of risks applies only to risks arising out of the neglect of the employer to do his duty to the employé. The employé does not assume the inherent risks; the law puts them upon him. The assumption of risk is a matter of contract (Dowd v. N. Y., O. & W. Ry. Co., 170 N. Y. 459, 63 N. E. 541), i. e., the employer may by contract assume the inherent risks, and the employé may by contract assume risks caused by the employer's negligence or breach of duty to him; and this is the whole law of assumption of risks.

But no harm was done by this technical and inadvertent error. The learned trial judge was no doubt led into it by loose expressions to be found in books here and there; but when his whole charge is read, it is found that he plainly submitted to the jury whether the plaintiff saw the risk of the defective guard, which arose out of the defendant's negligence or breach of duty to her, and assumed it.

The judgment and order should be affirmed, with costs.

JENKS, J., concurs. HOOKER, RICH, and MILLER, JJ., concur in result.