Albert L. Halkin, Plaintiff, *v.* John Chandler Hume, Samuel
  B. Schafler, Mark A. Wall, Starling W. Childs and
  Maurice Walker, Defendants.

Municipal Court of the City of New York, Borough of Manhattan, First District,
October 15, 1924.

**Municipal Court, city of New York — jurisdiction — Municipal Court
Code, § 6, subd. 1, conferring jurisdiction in actions " upon a contract,
express or implied," includes actions on quasi contracts — liability of
stockholders of corporation to employees under Stock Corporation
Law, § 71, constitutes quasi contract — Municipal Court has juris-
diction in action by employee under said section.**

Subdivision 1 of section 6 of the Municipal Court Code, conferring jurisdiction
upon the Municipal Court of the city of New York in actions " upon a contract,
express or implied," confers jurisdiction in actions on quasi contracts.

Accordingly, since the liability of stockholders to employees under section 71 of
the Stock Corporation Law constitutes a quasi contract, the Municipal Court
of the city of New York has jurisdiction of an action by an employee under
said section of the Stock Corporation Law.

Action to enforce liability of stockholders under section 71
of the Stock Corporation Law.

*Robert Barko,* for the plaintiff.

*Philip M. Bromberg,* for the defendants.

Spiegelberg, J. This is an action to enforce the liability of
stockholders for a debt due from the corporation to the plaintiff,
who was an employee of said corporation. The action is brought
to enforce the provision of section 71 of the Stock Corporation
Law. The defendants move to dismiss the complaint upon the
ground that this court has no jurisdiction to entertain the action.
They claim that the action does not arise " upon a contract, express
or implied," and that under the Municipal Court Code, section 6,
subdivision 1, the court's power is limited in cases of contract to
such actions.

The remedy given to the plaintiff is statutory. It may be readily
admitted that the defendants never consented to pay the debt
owing from the corporation, but actions upon contract have a
wider meaning. They include what is called quasi contracts. A
good definition is given in Woodward on Quasi Contracts sec-
tion 1: " The term ' quasi contracts ' may with propriety be
applied to all noncontractual obligations which are treated, for
the purpose of affording a remedy, as if they were contracts. So
interpreted, the subject includes: (1) judgments and other so-called

contracts of record; (2) a number of official and statutory obligations, such as the official obligation of a sheriff to levy execution and pay over the proceeds, and the statutory obligation of the owner of a vessel to pay pilotage; and (3) obligations arising from ' unjust enrichment,' *i. e.* the receipt by one person from another of a benefit the retention of which is unjust."

To the same effect see 1 Williston on Contracts, section 3.

The subject is well and tersely stated in 13 Corpus Juris, page 244: " Contracts implied in law, or more properly quasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and which are allowed to be enforced by an action *ex contractu*. They rest solely on a legal fiction, and are not contract obligations at all in the true sense, for there is no agreement; but they are clothed with the semblance of contract for the purpose of the remedy, and the obligation arises not from consent, as in the case of true contracts, but from the law or natural equity. So, when the party to be bound is under a legal obligation to perform the duty from which his promise is inferred, the law may infer a promise even as against his intention."

Among the instances of quasi contracts are mentioned (p. 245) " cases in which an obligation to pay money is imposed by a statute."

This motion is, therefore, dependent upon the question whether this court has jurisdiction over quasi contracts. That it has that power has been authoritatively settled in *Pache* v. *Oppenheim*, 93 App. Div. 221. The Appellate Term (84 N. Y. Supp. 926) held that a quasi contract was not an implied contract within the meaning of the Municipal Court Act. It followed the ruling made in *Harrington* v. *City of N. Y.*, 40 Misc. Rep. 165, in which case the Appellate Term held that the plaintiff could not recover from the city a fine imposed upon him by a city magistrate who had no jurisdiction to impose such fine. In the *Pache Case, supra*, the Appellate Division, however, reversed the court below and overruled the *Harrington Case, supra*. See *Devery* v. *Winton Motor Carriage Co.*, 49 Misc. Rep. 626. The Appellate Division opinion in the *Pache Case, supra*, proceeds upon the ground that the phraseology of the Municipal Court Code indicates that it shall have jurisdiction in actions upon contract and that for the purpose of remedial justice actions based upon obligations not resting in consent actually given or implied from facts, but upon what are called quasi or constructive contracts, are put in the same category as actions upon contract, in which the element of consent exists or is to

be inferred from the circumstances out of which the obligation arose. On page 225 the court says: " Now, an action *upon contract* may be maintained on quasi contracts, as, for instance, \* \* \* cases in which an obligation to pay money is imposed by statute (*Steamship Company* v. *Joliffe*, 2 Wall. 450), and not connected simply with the imposition of a penalty."   Reference may also be made to the case of *Wielar* v. *Watzky*, 94 Misc. Rep. 296, wherein the court held that under the grant of power to entertain actions upon contract the court had jurisdiction of actions on judgments, although the provisions in the former Municipal Court Act giving the court jurisdiction in an action upon a judgment rendered in any court not being a court of record was eliminated from the Municipal Court Code.   At page 297 it is said: " By the statute there is absolutely no limitation upon the jurisdiction of the court in these actions other than the limitation in regard to the amount claimed in the summons.   So far as the legislature had the power to confer jurisdiction in actions upon contract on the Municipal Court, it has done so with this single limitation."

The jurisdiction of the court to entertain this action is clear, and the motion is, therefore, denied, with leave to the defendants to answer within five days from the service of a copy of the order to be entered hereon on their attorneys, on payment of ten dollars costs.