## *In re* WARNER'S ESTATE.

*(Surrogate's Court, New York County.    April 18, 1890.)*

DESCENT AND DISTRIBUTION—RIGHT OF HUSBAND IN WIFE'S CHOSES IN ACTION.

   Where a beneficiary in a life-insurance policy dies intestate and without issue during the life-time of the person insured, her interest in the policy, being a chose in action, vests in her husband, and it is immaterial that he has not reduced it to possession.

   Proceedings to determine claims to personal property belonging to the estate of Sarah L. Warner, deceased.

   *George H. Starr*, for administratrix.    *William F. Scott*, for executors of T. L. Warner.    *H. D. Sedgwick*, for H. G. MacKaye.    *W. M. K. Olcott*, for Emily B. Von Hesse.

   RANSOM, S.    The interest acquired by the beneficiary upon the issuance of the policy was a chose in action.    *Olmsted* v. *Keyes*, 85 N. Y. 593; *U. S. Trust Co.* v. *Mutual Benefit Life Ins. Co.*, 115 N. Y. 152, 21 N. E. Rep. 1025.    Upon the death of deceased, intestate, and without descendants, the chose in action vested in her husband, and the circumstance that it was not reduced to possession is immaterial.    *Whitehead* v. *Insurance Co.*, 102 N. Y. 143, 6 N. E. Rep. 267; *Robins* v. *McClure*, 100 N. Y. 328, 3 N. E. Rep. 663.    In the latter case the court refers to the decision in *Fleet* v. *Perrins*, L. R. 3 Q. B. 536, on appeal, L. R. 4 Q. B. 500, in which it was held that where a husband has not interfered with the choses in action of the wife during her life, the same passed to her next of kin, and that his representatives upon his death, after the death of the wife, have no right thereto.    The court of appeals said (page 336, 100 N. Y., and page 667, 3 N. E. Rep.) that this ruling was in conflict with the current decisions of this state, and should not be followed.    In *Olmsted* v. *Keyes, supra*, one L. procured a policy of insurance payable to the plaintiff O., as trustee for the wife of L., in 1846.    The wife died in 1857.    In 1861, L. married again one M.    In 1864, O., the trustee, upon the request of L., assigned the policy to M., the second wife.    L. died in 1878, intestate, leaving M., his widow, and one child by her, and several children by his first wife.    The action was commenced to determine the conflicting claims of the children of the first wife and M.    The court say (page 602:)    "All the choses of the wife not reduced to possession during the joint lives, by the common law, passed to the husband upon her death, all, without any exception, and there is no authority to the contrary; and this is true whether such choses are then payable or are mere reversionary or contingent interests, payable at a future day, or mere possibilities.    He may then release them or take payment of them without administration, if he can get payment.    *Ransom* v. *Nichols*, 22 N. Y. 110.    If administration is needed to reduce the choses to possession, he is entitled to it, and if there are no debts, the administration is solely for his benefit.    If, after his wife's death, the husband does not release, assign, or reduce to possession her choses in action during his life-time, then after his death his personal representatives are entitled to administration upon them for the benefit of his estate as part of his assets."    The court, applying those principles to the case, held that the wife's interest in the policy was a chose in action, and at her death passed to her husband in his right of survivorship.    *U. S. Trust Co.* v. *Mutual Benefit Life Ins. Co., supra*, is cited by the contestants, in support of their contention; but, as a matter of fact, it is an authority against them.    The policy in that case, as construed in the court of appeals, is identical with one of the policies in the case at bar.    The defendant issued a policy of insurance on the life of F., for the sole use of his wife, but in case she died before him then the amount should be payable to their children, or to the guardian of the children if under age.    The wife died, leaving her

husband surviving and three children. One of these children died after the mother, before the father, intestate and without issue, leaving a husband surviving her. This action was brought by the plaintiff, as guardian of the children of a deceased child of the insured, to recover their proportionate share of one-third of the proceeds which was paid to the administrator (the husband) of the said deceased child. The court said: "When she [the wife of the insured] died before her husband, the only persons interested in the policy were her children then living, and the whole policy, as a chose in action, belonged to them. They held vested interests therein as they could in other chose in action, payable at a future time. * * * In the event that has happened, the policy might be construed, and is payable, precisely as if the children alone had been named therein. Therefore when Mrs. Miles [the deceased daughter of the insured] died, her interest in the policy passed to her administrator, as her personal representative, and as part of her personal estate; and upon the death of Mr. Finn [the insured] one-third of the policy was payable * * * to the administrator of Mrs. Miles." Costs will be awarded to the administratrix only. The affidavit submitted in support of the bill, however, does not comply with rule 22.