The letters testamentary founded upon the probate of the will are the authentic evidence of the power conferred by the will, and which made it the duty of Mr. Klingensmith, as executor, to take the personal property into his manual possession, for the purpose of its preservation, for the purpose of defraying the funeral expenses, for the purpose of paying the legal claims against the estate, for the purpose of distribution, to be made to the person or persons legally entitled to the same, and for the additional purpose of ascertaining its amount and value, in order to pay the transfer tax. Mr. Klingensmith, by qualifying, assumed all these duties. Having done so, it needs no citation of law that the husband and all others, be they legatees, devisees, heirs at law, next of kin, creditors, or otherwise, were prevented from administering until such letters were revoked.

I therefore find that, as the husband of the testatrix, Michael Beck is entitled to the personal estate of the deceased, by virtue of his common-law marital rights; and, the same not being released or assigned by him, he is entitled, upon the distribution of this estate, to the residuum after the payment of the debts of the deceased, the expenses of this accounting, and the commissions of this executor; and a decree to that effect can be entered.

I also sustain the objections to the item of $186 for medical services; holding that it was the duty of the husband to pay for the same from his own estate, and that it is not a legal charge against the estate of said deceased.

---

(27 Misc. Rep. 165.)

## In re NEGUS.

(Surrogate's Court, New York County. April, 1899.)

1. ESTATES OF DECEASED MARRIED WOMEN—DOMICILE—DISTRIBUTION.
   Money collected in the state by an administrator of the estate of a nonresident married woman will be distributed according to the laws of the state of deceased's domicile.

2. SAME—RIGHTS OF HUSBAND'S NEXT OF KIN.
   Under the common law, a husband's next of kin are entitled to his deceased wife's choses in action, which he failed to reduce to possession before his death.

In the matter of the estate of Emma L. Nones, deceased, proceedings are instituted for a settlement of the accounts of William V. Negus, administrator.

Frederick G. Smedley, for administrator accountant.
Hawkins & Delafield, for respondents.

VARNUM, S. This is one of the matters that was heard by Mr. Surrogate Arnold, and that has since been submitted to me for decision. The intestate was a resident of New Jersey, and died, leaving no descendants. Her husband died subsequently, without having applied for letters of administration. After the death of both husband and wife, a policy of insurance on the life of the wife's father, for the benefit of his children, became payable through the death of the father. Thereupon one of the next of kin of the wife was ap-

pointed her administrator in this state, and, as such, collected certain moneys under this policy. The question now arises, on the judicial settlement of the administrator's accounts, as to who is entitled to these insurance moneys,—the next of kin of the husband, or those of the wife. The laws of the state of New Jersey, the wife's domicile, control in this matter. At the hearing it was established that in New Jersey the distribution of the personal estate of a married woman dying intestate, without descendants, is governed by the common law. The manner in which the courts of that state construe the common law, as applied to the facts here existing, was not shown. In the event that the wife survives the husband, it is uniformly held that choses in action, which were not reduced to possession by the husband, belong to her absolutely. 2 Kent, Comm. 135. The disposition of unreduced choses in action of the wife, where the husband survives, has given rise to some conflict. It has been held that the surviving husband can only take the choses in action of his wife by reason of his sole right to administer, and that, if he fails to so administer and reduce these choses to possession, they belong, upon his death, to his wife's next of kin. 2 Will. Ex'rs (7th Am. Ed.) p. 75. On the other hand, it is said that upon the death of the wife the husband takes her property, whether in action or in possession, not as administrator, but jure mariti, so that if he omits to recover her choses in action during his lifetime they will belong to his next of kin, and, although her representatives may be entitled to administer upon such choses, they will hold the proceeds thereof as trustees of the husband's next of kin. Id. p. 69; 2 Kent, Comm. 136. The weight of authority favors the last view, it being generally conceded that, whatever the character may be in which the surviving husband takes his wife's unrecovered choses in action, he and his next of kin are entitled to the ultimate benefit therefrom, because he sustains the relation of husband. Gilman v. McArdle, 12 Abb. N. C. 414, reversed on other grounds 99 N. Y. 451, 2 N. E. 464. The courts in this state construe the common law as meaning not only that the surviving husband takes absolutely because of his marital right, but also that, in the event of his death without administering, his next of kin are entitled to administer upon, and hold as their own, the unreduced choses in action which belonged to his wife. Ryder v. Hulse, 24 N. Y. 372; In re Warner's Estate (Sur.) 11 N. Y. Supp. 894. And this is true, whether such choses are payable on the death of the wife, or are mere reversionary or contingent interests, payable at a future day, or mere possibilities. Olmsted v. Keyes, 85 N. Y. 593. The opinion expressed in the case of Barnes v. Underwood, 47 N. Y. 351, that the surviving husband takes solely as administrator, is rejected as incorrect by the court in the leading case of Robins v. McClure, 100 N. Y. 328, 3 N. E. 663. An examination of the decisions in the state of New Jersey reveals a conflict on the question. There is ample authority, however, to sustain the view that the surviving husband takes unreduced choses of his wife jure mariti. Donnington v. Mitchell, 2 N. J. Eq. 243. And see Rinehart v. Harrison, 1 Baldw. 177, Fed. Cas. No. 11,840, which is a decision of the United States circuit court in New Jersey. My decision, therefore, is that

the next of kin of the husband, through his ancillary administrator, are entitled to the fund to be distributed, and the decree should so provide.

Decreed accordingly.

(27 Misc. Rep. 163.)

### In re MONTEITH'S ESTATE.

(Surrogate's Court, New York County. April,. 1899.)

EXECUTORS AND ADMINISTRATORS—REOPENING DECREE—SETTLING ACCOUNT—APPEAL.

An error of the surrogate in allowing excessive commissions upon the settlement of an administrator's account is one of law, and the decree cannot be opened under Code Civ. Proc. § 2481, and corrected by reducing the commissions. The remedy is by appeal.

Application to amend decree.   Denied.

Ward, Hayden & Satterlee, for petitioner.

Howard Payson Wilds, for executors.

VARNUM, S.   Motion to permit J. W. Monteith to file additional objections to executor's second account.   This matter was submitted to Mr. Surrogate Arnold, but reargued and submitted to me.   The motion made herein for leave to file additional objections to the account of the executor, raising an issue as to the validity of the payments out of income assessments imposed on the real estate, is granted.   A reference will be ordered to determine the objections already filed, and those which may be filed in pursuance of the foregoing decision.

### Estate of James Monteith.

This matter was submitted to Surrogate Arnold, but has since been reargued before and submitted to me.   The papers show that on December 29, 1891, a decree was entered in this court judicially settling the accounts of the four executors of the will of James Monteith, deceased, which directed that three full commissions, amounting to $3,159.21, be retained by the accounting parties.   James W. Monteith, a son of the testator, and legatee, was a party to the proceedings, and, together with all other parties interested, and without appearing in person, waived the issuance and service of a citation, and consented to the entry of a decree settling the accounts filed.   An effort is now made by him to open and correct said decree by reducing the commissions allowed to $728.08, on the theory that certain specified personal property, which was included in the personal estate of the decedent by the surrogate in determining whether such estate amounted to $100,000 over the debts, was improperly so included, and that the commissions which were allowed thereon were unlawfully so allowed.   I do not know upon what theory the decree can be disturbed. Section 2481 of the Code permits the surrogate to open and vacate decrees for fraud, newly-discovered evidence, clerical error, or other sufficient cause; and "other sufficient cause" has been interpreted as meaning causes of like nature with the others specifically named.   In re Tilden's Ex'rs, 98 N. Y. 434; In re Hawley, 100 N. Y. 206, 3 N. E. 68.   See In re Humfreville, 8 App. Div. 312, 40 N. Y. Supp. 939.   The