(33 Misc. Rep. 729.)

## In re THOMAS' ESTATE.

(Surrogate's Court, New York County.   January, 1901.)

ESTATE OF DECEASED WIFE—ADMINISTRATION—RIGHT OF HUSBAND'S ADMINIS-
TRATOR.

    Code Civ. Proc. § 2660, provides that if the husband shall die, leaving
assets of the estate of his deceased wife unadministered, such assets
shall pass to the husband's executor or administrator, as part of his per-
sonal property, if the wife left no descendants.   A married woman died,
leaving no descendants and a personal estate, which her husband did not
administer.   *Held,* that letters of administration granted on the wife's
estate after the husband's death, and without notice to the husband's
administrator, will be vacated.

Application by the administrator of Peter Smith Thomas, de-
ceased, for an order vacating letters of administration issued on the
estate of Jane Thomas, deceased.   Order granted.

    Winston H. Hagen (Edward B. Whitney, of counsel), for the motion.
Stickney, Spencer & Ordway, for respondents.

    THOMAS, S.   The decedent died in February, 1899, leaving, her
surviving, her husband, Peter Smith Thomas, and a brother, but no
descendants.   Her entire estate, so far as appears, consisted of her
interest in certain deposits in savings banks in the city of New York,
made in the joint names of herself and her husband.   Her husband
did not apply for letters of administration upon her estate, but drew
interest on some, though not all, of the deposits, and died.   The
petitioner is the administrator of his estate.   On November 8, 1900,
after the death of Peter Smith Thomas, the husband, and without
notice to his administrator, the respondent applied for and received
letters of administration on the estate of the decedent, Jane Thomas.
The present application is to vacate those letters.   On the death of
the decedent, intestate and leaving no descendants, her entire per-
sonal estate passed to and vested in her husband, by virtue of his
marital rights; the rule of distribution in such a case remaining
as at common law, and not being changed by any of the statutes
affecting the estates of married women.   The husband was entitled
to letters of administration if he elected to demand them, but his
title to the personalty of the wife did not in any degree rest upon
such letters, and the assets of her estate passed absolutely to him,
whether reduced into possession or not, without the issue of letters.
In re Bolton, 159 N. Y. 129, 133, 53 N. E. 756; Robins v. McClure,
100 N. Y. 328, 3 N. E. 663; In re Nones, 27 Misc. Rep. 165, 58 N.
Y. Supp. 377; In re McLeod, 32 Misc. Rep. 229, 66 N. Y. Supp. 255.
The Revised Statutes did not require the husband to administer on
the estate of his intestate wife, but declared that:

    "If he shall not take out letters of administration on her estate, he shall
be presumed to have assets in his hands, sufficient to satisfy her debts, and
shall be liable therefor; and if he shall die, leaving any assets of his wife un-
administered, they shall pass to his executors or administrators as part of his
personal estate, but shall be liable for her debts to her creditors, in preference
to the creditors of the husband." 2 Rev. St. marg. p. 75, § 29.

This was declaratory of the common law for all purposes now under consideration. In the following section it was enacted that:

"If letters of administration on the estate of a married woman, shall be granted to any other person than her husband, by reason of his neglect, refusal or incompetency to take the same, such administrator shall account for, and pay over, the assets remaining in his hands, after the payment of debts, to such husband or his personal representatives." 2 Rev. St. marg. p. 75, § 30.

This varied the rule of the common law in so far as it recognized a right in creditors of the wife to require administration of the wife's estate, and supplemented their remedy against the husband by an action at law, with a new remedy in a court of probate, during the life of the husband. Their remedy after the death of the husband, by a proceeding in a court of probate against his personal representatives, had previously existed, and was recognized in the preceding section, already noticed. Prior to 1867 the rule of the Revised Statutes, which vested the title of the personalty of an intestate married woman in her husband, was expressly recognized by statute; it being declared that:

"The preceding provisions respecting the distribution of estates, shall not apply to the personal estates of married women; but their husbands may demand, recover and enjoy the same, as they are entitled by the rules of the common law." 2 Rev. St. marg. p. 98, § 79.

In 1867 this section was amended so as to read as follows:

"The preceding provisions respecting the distribution of estates shall apply to the personal estates of married women dying, leaving descendants them surviving; and the husband of any such deceased married woman shall be entitled to the same distributive share in the personal estate of his wife to which a widow is entitled in the personal estate of her husband, by the provisions of this chapter, and no more." Laws 1867, c. 782, § 11.

It will be observed that no change in the common-law rule in cases where the wife leaves no descendants her surviving is attempted, and the opinion of the court in Robins v. McClure, supra, is largely devoted to showing that the common-law rule in such cases remained, notwithstanding the amendment, in full vigor. No amendment to sections 29 and 30, above recited, as to the obligations of a husband for the debts of his deceased wife, or as to administration of her assets, was made. This may have resulted from oversight, or it may have occurred to the legislature that a provision that the estate of a deceased married woman is to be administered by the personal representative of the surviving husband, as a part of his estate and for his exclusive benefit, was necessarily repealed by the highly inconsistent provisions of the act of 1867, dealing with the estates of married women dying leaving descendants. That it did effect such qualified repeal, and that the estates of married women leaving descendants must be administered by administrators appointed as such, and not by the personal representatives of the husband, I have no doubt. The statutes heretofore considered were not amended or otherwise dealt with until 1893, when they were repealed, and section 2734 of the Code of Civil Procedure was enacted, covering the provisions of the act of 1867 as to the rights of the descendants of deceased intestate married women, and section 2660, covering gen-

erally all rights to administer on the estates of deceased persons. This last section re-enacts the provision of the Revised Statutes to the effect that:

"If he [the husband] dies leaving any assets of his wife unadministered, except as otherwise provided by law, they pass to his executors or administrators as part of his personal property, but are liable for her debts in preference to the creditors of the husband."

The provision is subject to the limitation that the wife has left no descendants, and that the assets of the wife are therefore the assets of the husband; but, with this limitation, it is a subsisting provision of law, which cannot be ignored and must be enforced.

I therefore conclude that on the death of Peter Smith Thomas, the husband, the assets which were of his deceased wife, the decedent, Jane Thomas, and which were not administered by him, passed to his administrator as part of his estate, to be administered as such, subject to the claims of her creditors, and that the letters granted to the brother of the decedent without notice to the administrator of the husband must be vacated. Decreed accordingly.