> A wife made a codicil confirming a will giving all her estate to her husband. The codicil provided that if the husband should not survive her, or both should die at or about the same time, so that he should not have taken possession of the property given him under the will, certain legacies should be paid, and the residuary estate given to her brothers and sisters. *Held* to show an intent to provide against a failure of survivorship and against the death of her husband within a brief interval after her own, so that, where the husband died 5½ months after the death of his wife, and before the probate of the will, the estate had become vested in him under the will, and the codicil was inoperative.

In the matter of the settlement of the accounts of Geraldyn Redmond, administratrix of Alice Maud Livingston, deceased.

John Hackett (John E. Mack, of counsel), for administrator.

A. Chalkley Collins, for Samuel M. Fox, Herman Thorn Fox, George De Pau Fox, and Alfred Thorn Fox.

Joseph A. Daughton, for Beatrice Fox and Agnes McKenzie Fox, as executrix and also as special guardian for Richard Fox.

John M. Hackett, for Eliza De Grasse Fox and Angelica Livingston.

HOYSRADT, S. Alice Maud Livingston, wife of Louis Livingston, died June 11, 1904, at her residence at Tivoli, N. Y., leaving a will, executed June 9, 1872, in which she gave all her estate to her husband, and also a codicil, executed October 20, 1876, confirming the will and providing:

"In the event that my said husband shall not survive me or that we shall die at or about the same time, so that he shall not have taken or exercised possession of the property given to him by my said will and testament, and that I shall not leave any issue me surviving, in such case I give and bequeath to the Roman Catholic Church at Tivoli * * * $1,000; Mary Cruickshank, $500."

Then follows the residuary clause, providing that, upon the occurrence of the event referred to in the last section, the residuary estate shall go to three brothers and one sister of the testatrix and to their heirs and assigns in these proportions: To Francis Fox and De Grasse Fox, brothers, each two-sixths; and to Samuel Fox, brother, and Eliza D. St. John, sister, each one-sixth. Louis Livingston died November 26, 1904, at his home, 5½ months after the death of his wife, before her will had been admitted to probate; and the question is now presented, on the settlement of her estate, whether he died at or about the same time as his wife without having taken or exercised possession of the property given to him by her will, which involves a construction of the codicil made October 20, 1876.

It appears that in the autumn of 1876 Mr. and Mrs. Livingston went to Europe, and that the codicil was drawn by Cambridge Livingston, a New York lawyer, shortly before their departure. They had in contemplation frequent trips across the ocean, and it is quite evident that Mrs. Livingston, in making this provision in her codicil, had in mind the death of her husband and herself through other than natural causes incident to travel. It is a fair assumption, from the words "in the event that my said husband shall not survive me or that we shall die at or about the same time," that the testatrix sought to provide against a failure of survivorship and the death of her husband within a brief interval after her own, during which he would derive no benefit from her estate. Outside of his residence property he had a net estate of about $1,500. His wife's estate was all personal and valued at about $60,000. It seems to me unimportant to ascertain the legal effect of the words "so that he shall not have taken or exercised possession of the property given to him by my said will." The intent of the testatrix must prevail. I am unable to find that she contemplated that legal possession by her husband should be effected to establish his title. While the words themselves may be those of the lawyer, it cannot be overlooked that an exercise of possession complies with the limitation. The delay in proving her will is explained, and there is evidence that Mr. Livingston took possession of his wife's estate and treated it as his own.

After the death of Mrs. Livingston, June 11, 1904, her husband decided to postpone taking any steps for the probate of her will until after his return from Bar Harbor in the latter part of September. He then distributed her jewelry among her relatives and friends as she had desired. Some of her securities were kept in a safe deposit box rented by him, and on October 5, 1904, he cut the coupons from 11 bonds in this box and deposited them in his individual bank account. He paid her funeral and doctors' bills to the extent of $600, and received checks for dividends on her securities, and had such possession of her estate as his authority over it, prior to the probate of the will, would permit. The testatrix could not have intended to deprive her husband of any benefit under her will, and it is to my mind satisfactorily established that he gained sufficient possession of her estate to enforce his rights under the will without considering the probate of the codicil.

The question just considered has been raised in behalf of the children of Samuel M. Fox, one of the residuary legatees named in the

codicil, who died before the death of his sister, the testatrix. In fact, the only residuary legatee who survived her was her brother, De Grasse Fox, who has since died, and his representatives make no claim to the residuary estate. If, therefore, there was a residuary estate, this clause would be effective only as to the two-sixths given to De Grasse Fox, as the other interests have lapsed and pass as property undisposed of. Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457. In this case it was held that, while the residuary clause gave certain portions to the legatees and their heirs and assigns, forever, this did not prevent the legacy from lapsing, in the absence of express words or of something in the context to indicate a contrary intention. This residuary clause is not a bequest to a class, but constitutes a tenancy in common of personal estate. Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945; Van Beuren v. Dash, 30 N. Y. 393.

This rule does not apply where the testator leaves a child or descendant, by express provision of statute. It follows, therefore, that four-sixths of the residuary estate, including the interest which Samuel M. Fox might have been entitled to had he survived the testatrix, would pass as the estate of an intestate, and would thus go to her husband, as she had no descendants. The assets of her estate undisposed of passed absolutely to him, whether reduced to possession or not, without the issue of letters. Matter of Bolton, 159 N. Y. 129, 53 N. E. 756; Robbins v. McClure, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184; Matter of Nones, 27 Misc. Rep. 165, 58 N. Y. Supp. 377; Matter of McLeod, 32 Misc. Rep. 229, 66 N. Y. Supp. 255.

I have concluded that Louis Livingston was, at the time of his death, entitled to his wife's estate under the terms of her will, and that the provision of her codicil was inoperative. The other questions have only been considered for the information of nonresident parties.

Decreed accordingly.