### ROMIG v. SHELDON.

(Supreme Court, Special Term, Cayuga County. June 10, 1910.)

1. DESCENT AND DISTRIBUTION (§ 52*)—RIGHTS OF SURVIVING HUSBAND.

Under Decedent Estate Law (Consol. Laws, c. 13) § 100, it is only where a married woman dies leaving descendants that her personal estate does not vest absolutely in her surviving husband.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 156–171; Dec. Dig. § 52.*]

2. **DESCENT AND DISTRIBUTION (§ 123\*)—SURVIVING HUSBAND—FUNERAL EXPENSES.**

The husband of a decedent receives her personal estate as owner subject to a charge for funeral expenses; there being an implied promise to pay the same.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 453–455; Dec. Dig. § 123.\*]

3. **EXECUTORS AND ADMINISTRATORS (§ 214\*)—BURIAL OF DECEASED—FUNERAL EXPENSES—LIABILITY.**

While it is the duty of an executor or administrator to provide for the burial of his testator or intestate, if not already done by others, no such duty rests on the custodian of deceased's personal property, and hence where a married woman dies leaving personal property which passes into her husband's possession, and the latter dies without paying the wife's funeral expenses, no personal liability attaches to one subsequently coming into possession of such property as administrator of the husband.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. § 214.\*]

Action by Hobert L. Romig against Charles L. Sheldon, individually and as administrator, etc., of Charles L. Sheldon, Jr., deceased. Demurrer to complaint sustained.

Frank S. Coburn, for plaintiff.
Turner & Kerr (Hull Greenfield, of counsel), for defendant.

FOOTE, J. The complaint alleges: That Mary L. Sheldon died on the 10th day of February, 1907, leaving, her surviving, her husband, Charles L. Sheldon, Jr., and the plaintiff, her father, her next of kin. That Charles L. Sheldon, Jr., died on the 4th day of June, 1908, and that subsequently letters of administration upon his estate were duly issued to the defendant, his father. That one Tallman acted as undertaker at the funeral of Mary L. Sheldon and furnished supplies, which, with his services, were of the reasonable value of $466.08. That the claim for such services and supplies was a legal charge against the estate of said Mary L. Sheldon, and now is a legal and valid claim against the defendant, Charles L. Sheldon, individually or as administrator of said Charles L. Sheldon, Jr., deceased. That prior to the commencement of this action said Tallman duly assigned his said claim to plaintiff, who is the owner and holder thereof.

The complaint further alleges: That one Lee furnished services in connection with the burial of said Mary L. Sheldon of the value of $38, and that one Donley performed services in lettering the monument at the grave of said decedent of the value of $23.80, and that the claim for each of these services became and was a legal charge against the estate of said Mary L. Sheldon, and now is a legal and valid claim against the defendant, Charles L. Sheldon, individually or as administrator of said Charles L. Sheldon, Jr., deceased, and before the commencement of this action each of said claims was duly assigned to the plaintiff, who is the owner thereof. That demand was made upon the defendant for the payment of said claims before the commencement of this action, which was refused, and that defend-

ant is now, individually or as administrator, liable to the plaintiff for the amount thereof.

It is also alleged that at the time of the death of said Mary L. Sheldon she was the owner and in possession of certain personal property, namely, articles of furniture, jewelry, wearing apparel, etc., in value sufficient for the payment of the plaintiff's claim, and that said personal property passed into the hands of said defendant, Charles L. Sheldon, and now is held by him, subject to the payment of the debts "of said defendant."

The complaint then sets forth a further cause of action, as follows:

"For a further and separate cause of action against the defendant, plaintiff, referring to the prior allegations of the complaint, and reiterating the same and the whole thereof, alleges as follows: That upon the death of said Mary L. Sheldon, the said Charles L. Sheldon, Jr., as husband of the decedent Mary L. Sheldon, became personally liable for the funeral expenses of the said Mary L. Sheldon, and in consequence thereof the said Charles L. Sheldon, as administrator of said Charles L. Sheldon, Jr., is liable for the payment of such claim."

Judgment is demanded "against the defendant" for the sum of $527.88, with interest and costs of the action.

Section 1815 of the Code of Civil Procedure no doubt authorizes the plaintiff to proceed in this form of action against the defendant, both in his individual and representative capacity, if the complaint sets forth a cause of action against him in both capacities or states facts which render it uncertain in which capacity the cause of action exists against him, and that section provides that the judgment must definitely show whether it is awarded against the defendant personally or in his representative capacity.

By the demurrer the defendant challenges the sufficiency of the complaint as a statement of any cause of action against him individually or of facts which render it uncertain in which capacity the cause of action exists against him. If no cause of action is stated against the defendant individually, then there can be no such uncertainty.

On the death of Mary L. Sheldon, intestate, her personal estate vested absolutely in her husband, Charles L. Sheldon, Jr., according to the rule of the common law, for it is only where a married woman leaves descendants that this rule has been changed by our statutes. Decedent Estate Law (Consol. Laws, c. 13) § 100; Robins v. McClure, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184; In re Thomas' Estate, 33 Misc. Rep. 729, 68 N. Y. Supp. 1116.

Her funeral expenses, however, were a charge upon her estate, and her husband, Charles L. Sheldon, Jr., became personally liable for their payment, first, because he was her husband, and, second, because he received her personal estate as owner, which was sufficient for the purpose, subject to the charge for their payment, and from this the law raises an implied promise to pay. Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384.

The plaintiff's theory is that this personal liability would follow the assets of Mary L. Sheldon and fix itself upon any individual into whose possession any of these assets may come, whether as owner or mere custodian, so as to subject him to personal liability in an

action at law. This theory the plaintiff seeks to support by analogy to the liability which is fixed by law upon an executor or administrator for the payment of funeral expenses where he has sufficient assets as such, and by the fact that these funeral expenses are said to be a charge upon the wife's estate. The analogy, however, is far from complete. It is the duty of the executor or administrator by virtue of his office to provide for the burial of his testator or intestate, if it has not already been done by others. No such duty would rest upon a stranger who happened to be the custodian of the personal property of the deceased. It will be noticed that the complaint does not allege that the defendant Sheldon has become the owner of any of the property of the Mary L. Sheldon estate. It simply alleges that this property has come into his possession. As administrator of the estate of her husband, Charles L. Sheldon, Jr., such property would be properly in his possession, either as part of the estate of Charles L. Sheldon, Jr., who owned the property, or as assets of his wife, Mary L. Sheldon, unadministered by him. Decedent Estate Law (Consol. Laws, c. 13) § 103.

According to the theory of the plaintiff, if the personal property of which Mary L. Sheldon died possessed subsequently came into the possession of a stranger to her estate as bailee or custodian, but without title or ownership, he would become personally liable for these funeral expenses, though having no right in the property and no power to reimburse himself therefrom; or if the husband, who became the owner upon her death, had sold the property and realized its value, still the purchaser in whose possession the property was found could be held liable for these funeral expenses.

I think the only personal liability in an action at law was against the husband. Whether a specific lien upon the property of the estate of Mary L. Sheldon can be established in equity it is unnecessary to consider; but there is no authority brought to my attention and no principle of law upon which the defendant can be proceeded against personally and compelled to pay out of his own funds this obligation of his intestate.

The demurrer must, therefore, be sustained upon the first ground, namely, that the complaint does not state facts sufficient to constitute a cause of action against the defendant individually. Murphy v. Naughton, 68 Hun, 424, 23 N. Y. Supp. 52.

These views render it unnecessary to consider the second ground of demurrer.

The demurrer is sustained upon the first ground, with leave to the plaintiff to amend within 20 days, if so advised, on payment of costs of the demurrer.