STEINERT v. VAN AKEN et al.

(Supreme Court, Appellate Division, First Department. January 9, 1914.)

Appeal from Special Term, New York County.

Action by Henry N. Steinert, as receiver, against Charles H. Van Aken and another. From an order granting a motion for judgment on the pleadings, defendants appeal. Order affirmed, with leave to defendants to serve an amended answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

George B. Class, of New York City, for appellants.
George W. Carr, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, with leave to defendants to serve an amended answer on payment of costs in this court and in the court below.

LAUGHLIN, J. (dissenting). This action is brought to enforce the liability of the defendants as sureties on the official bond of an administratrix, for her failure to comply with a decree of the surrogate directing the payment of money to plaintiff as receiver. The decree was made on the theory that Thomas J. Wallace, the judgment debtor, to whose rights plaintiff succeeded, was the husband of the intestate and as such was entitled to the money. The plaintiff moved at Special Term for judgment on the pleadings. The motion was granted awarding judgment according to the prayer of the complaint, and this appeal is by defendants from the order.

On the 28th day of February, 1909, a woman known as Elizabeth Wallace died intestate and without issue. Her sister, Katherine Halm, was appointed administratrix of her estate on the 18th of March, 1909, and on the same day the administratrix, with defendants as sureties, executed an official bond for $20,000, in the usual form and as required by law. On or about the 24th of March, 1910, the administratrix filed a petition for the judicial settlement of the account of her proceedings as administratrix. Prior to the filing of said petition, but under date of March 24, 1910, the defendants executed and acknowledged a waiver, entitled in the proceeding for the settlement of the accounts of the administratrix, of the issuance and service "of a citation in the above-entitled matter and consent that a decree be made settling the account" of the administratrix. It was represented to the Surrogate's Court, on the application for letters of administration on the estate of the deceased, Elizabeth Wallace, that the judgment debtor was her lawful husband and as such entitled to the letters; but he formally renounced his right thereto. The creditors of Wallace filed objections to the accounts of the administratrix, and thereupon the matter was referred. The facts upon which the liability of the administratrix to account for the money, which, by the decree, she was directed to pay to plaintiff, were developed under said objections on the reference. Pending the accounting proceedings, the plaintiff herein applied to the

court, on notice to defendants, for a supplemental citation bringing them in as parties to the proceeding. They did not appear in opposition, but the court denied the motion, on the theory that by the waiver they had become parties thereto and would be bound thereby. After the close of the evidence on the accounting proceeding, but before the decree was made, the administratrix died, and on petition of her administrator the accounting proceeding was revived and continued. A decree settling the accounts of the administratrix and adjudging that she had in her hands unadministered the sum of $19,102.38, and that she was liable for interest thereon from November 1, 1911, and for costs, allowances, and disbursements aggregating $2,977.63, and directing her to pay the entire amount to the plaintiff, was made under date of June 12, 1912, and entered the next day. Payment was thereafter duly demanded of the administrator of the deceased administratrix and of defendants, and, on their failure to comply therewith, this action was brought against the sureties of the administratrix. All of the debts of the decedent appear to have been paid before the accounting proceeding was instituted.

It appears that the decedent left two brothers, her surviving. Under the statute of distributions, the husband would take one half the surplus of the assets and the brothers would take the other half. Code of Civil Procedure, § 2732, subd. 2, and section 2734. It is not shown how the entire surplus in the hands of the administratrix came to be awarded to plaintiff, who, so far as disclosed by the record, only succeeded to the rights of Wallace, the supposed husband of the decedent. It is, however, alleged in the answer that the referee on the accounting assumed to pass upon the validity of an alleged fraudulent transfer of a saloon business owned by the decedent and other alleged fraudulent transfers of property, and that neither the Surrogate's Court nor the referee had jurisdiction to adjudicate on such questions. That claim is doubtless made on the ground that the Surrogate's Court does not possess equitable jurisdiction (see Matter of Randall, 152 N. Y. 508, 46 N. E. 945); but the facts are insufficient to show whether or not the court exercised equitable jurisdiction. It may be that the right of Wallace to the entire surplus was thus determined; but the defendants also alleged that one brother of the decedent was not cited on the accounting proceeding and did not waive the issuance and service of a citation, and did not appear, or in any manner assent thereto, and the jurisdiction of the court to make the decree is challenged on that ground, among others. I am of opinion that those allegations are sufficient to admit of proof that may invalidate the decree. A judgment, whether foreign or domestic, is always open to collateral attack for want of jurisdiction, even though it erroneously recites the jurisdictional facts, unless, of course, they were litigated therein. Mischner v. Altman, 145 App. Div. 251, 130 N. Y. Supp. 31; O'Donoghue v. Bois, 159 N. Y. 87–99, 53 N. E. 537; Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589. On the facts thus alleged, the decree is not binding on such brother, and the defendants are still liable to be called to account by him.

I am also of opinion that the order should be reversed on another ground. The defendants deny the allegation of the complaint that Wallace was the husband of the decedent, and expressly allege that he was not, and that at the time he married her he had a lawful wife living, from whom he had not been divorced, and that therefore neither he nor his creditors, nor the plaintiff, had any interest whatsoever in the estate of the decedent. They also further allege that they were induced to join as sureties by collusion between Wallace and said Katherine Halm and by false and fraudulent representations made to them by both to the effect that Wallace was the husband of the decedent, that the estate was solvent, and that there were more than sufficient assets to meet every demand against the estate, and "there was positively no possible liability which could arise under which the defendants could be made to answer to their loss or detriment, and that the joining in said surety was a mere formality and neighborly curtesy involving no risk whatsoever," and that at the time of making said representations they well knew all the facts 'upon which the liability of the administratrix was subsequently predicated; that defendants were induced to and did execute the waiver of issuance and service of citation on the same false and fraudulent representations; that it was falsely and fraudulently represented to the Surrogate's Court that Wallace was the husband of the decedent, and, in effect, that the decree was based on such false and fraudulent representations; that prior to petitioning for the accounting the administratrix had intermarried with Wallace, and also suppressed that fact from the court, and that on the application for letters on the estate of Katherine Halm it was falsely represented to the court that she left no husband.

Manifestly, the plaintiff stands precisely in the shoes of Wallace, and has no greater rights. Of course, the defendants could not avoid liability, as sureties on the official bond, to any innocent party (Deobold v. Oppermann, 111 N. Y. 531, 19 N. E. 94, 2 L. R. A. 644, 7 Am. St. Rep. 760); but I am of opinion that neither Wallace nor his creditors can profit by his fraud, perpetrated upon the defendants, who were his friends and neighbors, and upon the Surrogate's Court as well. The plaintiff may not have been actuated by fraud, but by claiming in the right of Wallace and interposing in that right objections to the accounts as filed, which resulted in their being surcharged, and in the decree upon which the plaintiff predicates his right to recover, he became instrumental in assisting in deceiving the court. Proof of the facts alleged by defendants will warrant the inference, and a finding, that the decree was the result of fraud and collusion between Wallace and the administratrix; and, if so, it is subject to collateral impeachment by the sureties on the official bond of the administratrix. Deobold v. Oppermann, supra; Scofield v. Churchill et al., 72 N. Y. 565; Brownell v. Snyder, 122 App. Div. 246, 106 N. Y. Supp. 771; Hall v. Hall, 139 App. Div. 120, 123 N. Y. Supp. 1056; Dobson v. Pearce, 12 N. Y. 156, 62 Am. Dec. 152.

I therefore vote for reversal.