HYMAN FEIT, Appellant, v. JOSEPH HOLZAPFEL, Respondent.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Jurisdiction — of Municipal Court of city of New York — husband and wife — actions — Decedent Estate Law, § 103.

Where a wife dies intestate an action against her surviving husband, under section 103 of . the Decedent Estate Law, to recover for an indebtedness incurred by her, is not one in

## 74                          FEIT v. HOLZAPFEL.

equity to impress a trust or charge upon specific assets, but is
an action at law to obtain a money judgment against the
defendant because of his failure to take out letters of admin-
istration upon her estate, and of such an action the Municipal
Court of the city of New York has jurisdiction.

APPEAL by plaintiff from a judgment entered in the
Municipal Court of the city of New York, borough
of Manhattan, second district, in favor of the defend-
ant, dismissing the plaintiff's complaint.

Benjamin Koenigsberg, for appellant.

Myron S. Yochelson, for respondent.

LEHMAN, J.   The plaintiff herein sued the defend-
ant to recover the sum of $355.20 which the defend-
ant's deceased wife owed to the plaintiff before her
death.   The complaint sufficiently sets forth a cause of
action against the deceased wife or her estate and
contains an allegation that the defendant's wife died
intestate, and that her husband, the defendant herein,
has not applied for and has not taken out any letters
of administration on the estate of his deceased wife.
The case was called for trial.   The defendant admitted
all the allegations of the complaint and moved for a
dismissal of the complaint, and the trial justice
granted his motion.

Section 103 of the Decedent Estate Law provides:
" If a surviving husband does not take out letters of
administration on the estate of his deceased wife, he
is presumed to have assets in his hands sufficient to
satisfy her debts, and is liable therefor.   A husband
is liable as administrator for the debts of his wife only
to the extent of the assets received by him.   If he dies
leaving any assets of his wife unadministered, except
as otherwise provided by law, they pass to his executors

or administrators as part of his personal property, but are liable for her debts in preference to the creditors of the husband.''

Since it is conceded that the defendant did not take out letters of administration on the estate of his wife, although under section 2588 of the Code he was entitled to the administration of his wife's estate, he is presumed to have assets in his hands to satisfy her debts, and he is, therefore, liable under the Decedent Estate Law to this plaintiff for the amount of her indebtedness. Apparently, however, the trial judge dismissed the complaint, not because the plaintiff had failed to show that the defendant was liable, but solely on the ground that an action against a surviving husband for an indebtedness incurred by his wife is an action in equity and not at law, and the Municipal Court has no jurisdiction in such an action. While we have not been referred to any direct authority upon this point, it would seem quite clear that the trial judge is in error in regard to the nature of the action. The defendant claims that in the case of *Herzog* v. *Marx,* 58 Misc. Rep. 356, the court decided that an action, brought under section 1837 of the Code against the next of kin or legatees of a deceased for a money judgment to be apportioned among the defendants in proportion to the legacies or distributive shares received by them from the estate of the decedent, is an action in equity and that since this same section of the Code provides that an action may be maintained for such relief not only against the next of kin or legatees of a· deceased, but also against the surviving husband or wife of a decedent for the same relief, this case is authority for the view that the present action brought against a surviving husband is not an action at law but an action in equity. This contention of the defendant seems to me to be without foundation. The pres-

ent action is not brought against the surviving husband to recover to the extent of the assets paid or distributed to him, and the judgment does not call for any apportionment in proportion to any legacy or distributive share obtained by him. On the contrary, this action is based upon a direct liability of the husband for the debts of his wife to the extent of the assets of his wife's estate which the defendant is entitled to administer *jure mariti.*

At common law " the husband was liable for the wife's debts during marriage, whether he received any property by her or not, but this liability ceased at her death, although he may have received property, for the reason that such property became absolutely his by marriage and when that relationship terminated he was under no legal obligation to appropriate his own property to the payment of her debts." As to choses in action not reduced to possession during marriage, if the wife survive the husband they go to her and upon her death to her representatives, but if the husband survive he has the sole right to administer for his own benefit and enjoyment in preference to the next of kin. *Barnes* v. *Underwood,* 47 N. Y. 351. " The deceased wife's unreduced choses in action remaining in the husband's hands as administrator *jure mariti* are liable, however, to their full amount, for the wife's antenuptial debts, and may be reached by her creditors." 21 Cyc. 1213. The statutes of 1848 and 1849 have in many respects changed the common-law rights of the husband to the estate of his wife. The title to a woman's property no longer becomes vested in the husband at the time of the marriage, nor has he any right to reduce her choses in action to his own possession. She has been given by statute the right to bequeath her property as if she were a *feme sole,* and if she dies intestate leaving descendants her surviving

her husband at her death has no right to administer
the estate solely for his own benefit, but must dis-
tribute it as provided by the Statute of Distributions,
except, however, as the common-law rules have been
expressly changed by such statutes the common-law
rights of the husband to his wife's property are still
recognized by the statutes and judicial decisions of
this state and the provisions of section 103 of the
Decedent Estate Law are merely re-enactments of old
statutes predating the laws of 1848 and 1849, and
directly affirming the common-law right of administra-
tion and enjoyment of his deceased wife's property
by a surviving husband.    In the case of *Barnes* v.
*Underwood, supra,* the court stated: '' The Revised
Statutes affirm and declare the principles of the com-
mon-law, in every particular, as above stated.  (2 R. S.
74–75.)   Section 29 declared the husband ' solely
entitled to administration on the estate of his wife;'
that, if he does not take out letters, ' he shall be pre-
sumed to have assets in his hands sufficient to satisfy
her debts;' and that, if he dies, leaving assets unad-
ministered, they shall pass to his representatives as
a part of his personal estate, subject only to the pay-
ment of her debts.   Section 30 declared the husband's
representatives entitled, when he did not administer.''
  Subsequently these provisions of the Revised
Statutes were incorporated in section 2660 of the Code,
now section 2588, and thereafter taken out from that
section and placed in the Decedent Estate Law.   It
seems to me that it is clear both from the express
words and the history of this statute that it was the
intention of the legislature to provide that a husband
should continue to have the common-law right to
administer his wife's estate and that just as at com-
mon law he was liable for the debts of his wife to the
extent of the assets which he received as adminis-

trator *jure mariti.* Since, however, at the time the statute was enacted the surviving husband had not only the right to administer the estate but as such administrator became entitled to the estate and in some cases has such right even to-day, there might be many cases where the husband would not go through the formality of taking out letters of administration, but would merely retain in his possession the property of his wife of which he had at least physical control. To provide for such cases the legislature enacted the statute that where the surviving husband fails to take out such letters on his wife's estate, " he shall be presumed to have assets in his hands sufficient to satisfy her debts." The action against the husband is not, however, one in equity to impress a trust or charge on specific assets, but is an action at law to obtain a money judgment against the husband on account of the position which he has occupied towards his wife's estate.

Judgment should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

PENDLETON and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.