Katherine P. Conlon, as Administratrix, etc., of William J. Boyhan, Deceased, Plaintiff, v. Union Dime Savings Bank, Defendant.

First Department, February 4, 1921.

Descent and distribution — distribution of personal property of married woman dying intestate leaving husband and no descendants controlled by common law — entire estate vests in husband — administration not necessary — bank deposit transferred to husband as administrator passes to his administrator after his death — Decedent Estate Law, § 103, applied.

The law of distribution of the personal property of a married woman, who dies intestate leaving her a husband surviving and no descendants, is not controlled by any statute of this State but by the common law, under which her entire personal estate is vested in her husband by virtue of his marital rights.

*It seems,* that where the husband may readily obtain possession of his deceased wife's personalty, he may do so without the formality of being appointed administrator of her estate.

In the instant case the husband, the plaintiff's intestate, having taken out letters of administration upon the estate, and having obtained possession of the moneys left on deposit with the defendant by having the account changed to read " Estate of Mary C. Boyhan, dec'd., Wm. J. Boyhan, admr.," he was, at the time of his death, the absolute owner in possession of the fund, all debts of the wife having been paid, and said fund passed to his administrator to whom the defendant must pay it rather than to an administrator *de bonis non* of the wife.

The form of the deposit does not change the fact of the exclusive ownership in the husband at the time of his death.

That the plaintiff is the only proper person to collect the moneys on deposit with the defendant is also evident from section 103 of the Decedent Estate Law which provides that where the husband dies without having taken out letters of administration on his wife's estate, " leaving any assets of his wife unadministered, except as otherwise provided by law, they pass to his executors or administrators as part of his personal property, but are liable for her debts in preference to the creditors of the husband."

Submission of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Louis Kunen* of counsel [*Robert Godson*, attorney], for the plaintiff.

*Frederick C. Tanner* of counsel [*Morris E. Kinnan* with him on the brief;. *Butcher, Tanner & Foster*, attorneys], for the defendant.

GREENBAUM, J.:

The agreed statement of facts shows that Mary C. Boyhan, a resident of Suffolk county, N. Y., died on July 6, 1918, intestate, without leaving any descendants her surviving and leaving surviving her husband, William J. Boyhan, since deceased, and a sister, Katie A. McClellan, who resides in Rochester, N. Y.; that at the time of her death she was the owner of account No. 423280 with the defendant, the Union Dime Savings Bank, upon which the balance then was $1,093.33; that on October 11, 1918, letters of administration upon her estate were issued by the surrogate of Suffolk county to her husband who duly qualified as such administrator and thereafter had the account in the Union Dime Savings Bank changed to read: " Estate of Mary C. Boyhan, dec'd., Wm. J. Boyhan, admr.; " that the funeral expenses and all of the debts of Mary C. Boyhan have been paid; that William J. Boyhan withdrew $200 from the account in question on December 9, 1918; that no other withdrawals or deposits have been made and that the present balance of the account is $964.56.

It also appears that William J. Boyhan died on April 11, 1919, intestate, a resident of Suffolk county, N. Y. On May 23, 1919, letters of administration upon his estate were duly issued by the surrogate of Suffolk county to Katherine P. Conlon, the plaintiff in this action, who has duly qualified and is acting as such administratrix; that the plaintiff as administratrix has presented to the defendant the pass book of account No. 423280 and has filed with it a certificate of the issuance to her of letters of administration upon the estate of William J. Boyhan and the waiver of the attorney for the Comptroller of the State of New York in the Matter of the Estate of William J. Boyhan, deceased, consenting to the transfer of this account, and has demanded that the money on deposit in the account in question be turned over

to her as the administratrix of William J. Boyhan, deceased, and that the defendant refuses to pay the money on deposit to this plaintiff.

The controversy submitted for the decision of this court is whether or not upon the agreed statement of facts the plaintiff is entitled to judgment against the defendant for the money on deposit with it under account No. 423280 in the form above described, including accrued interest, or whether the defendant is only obliged to pay over the money on deposit with interest to an administrator *de bonis non* of the estate of Mary C. Boyhan.

The law of distribution of the personal property of a married woman, who dies intestate leaving a husband her surviving and no descendants, is not controlled by any statute of this State but by the common law, under which her entire personal estate is vested in her husband by virtue of his marital rights. (*Olmsted* v. *Keyes*, 85 N. Y. 593; *Robins* v. *McClure*, 100 id. 328; *Gerber* v. *State Bank*, 167 App. Div. 263; *Matter of Thomas*, 33 Misc. Rep. 729.)

The foregoing cases state the law that where the husband may readily obtain possession of his deceased wife's personalty, he may do so without the formality of being appointed as administrator of her estate. And in the language of the opinion in the *Gerber Case* (*supra*): " 'If administration is needed to reduce the choses to possession, he is entitled to it, and if there are no debts the administration is solely for his benefit.' "

In the instant case the husband of the deceased, Mary C. Boyhan, had taken out letters of administration upon her estate. He thereafter obtained actual possession of the moneys left on deposit by her with the defendant by having the account changed in the form above described. Being vested with the legal ownership of the property and having obtained possession of it through administration before death, he was the absolute owner in possession of the entire fund, all debts of his wife having been paid.

The form of deposit does not change the fact of its exclusive ownership in the husband at the time of his decease. In *Gittings* v. *Russel* (114 App. Div. 405, 407, 408) the husband of a deceased wife, leaving no descendants, was appointed

administrator of her estate. As in the present case he caused a bank account which was in his wife's name to be transferred to him as such administrator in the precise form as here appears. This court held that the account in the name of the husband, as administrator, was subject to attachment by a judgment creditor, the opinion stating: "It is undoubtedly the rule of the common law, which exists in this State, that where a married woman, possessed of separate personal estate, dies without having made disposition of it during her lifetime or by way of testamentary appointment, the title thereto vests in the surviving husband and cannot be affected by the granting of administration upon her estate. (*Robins* v. *McClure,* 100 N. Y. 333, and case cited.) It seems that under the case cited, the money on deposit belonged *jure mariti* to the defendant. While it may have been within the reach of creditors and subject to debts of the decedent, the right to his deceased wife's personal property was in the defendant. But there were no debts of the wife, and it is immaterial whether the nominal title was in him individually or as administrator (*Robins* v. *McClure, supra*) so far as ownership is concerned. We are of the opinion that the money on deposit in the trust company belonged to the defendant, or if the mere relation of debtor and creditor existed, as in the ordinary case of a depositor with a bank, that then the debt of the trust company to the depositor was in law one owing to the defendant."

That the plaintiff is the only proper person to collect the moneys on deposit with the defendant under discussion is also evident from section 103 of the Decedent Estate Law (as amd. by Laws of 1909, chap. 240) which is as follows: "If a surviving husband does not take out letters of administration on the estate of his deceased wife, he is presumed to have assets in his hands sufficient to satisfy her debts, and is liable therefor. A husband is liable as administrator for the debts of his wife only to the extent of the assets received by him. If he dies leaving any assets of his wife unadministered, except as otherwise provided by law, they pass to his executors or administrators as part of his personal property, but are liable for her debts in preference to the creditors of the husband."

The concluding paragraph of section 103 is a practical

recognition of the existence of the common law, which vests the entire personal property of a wife in her surviving husband *jure mariti* where she dies intestate without descendants and is an express statutory authority in favor of the plaintiff in declaring that where a husband dies leaving assets of his deceased wife unadministered, " they pass to his executors or administrators as part of his personal property." (*Feit* v. *Holzapfel,* 104 Misc. Rep. 73.)

In *Matter of Thomas* (*supra*) it was held under somewhat similar circumstances that the administrator of the husband and not of the deceased wife was the proper person to collect moneys on deposit belonging to the wife.

Judgment for the plaintiff and, under the stipulation, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Judgment ordered for plaintiff, without costs. Settle order on notice.